UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN L. BURKS,

        Plaintiff,

v.

BENNY N. NAPOLEON, et al.,

        Defendants.

_____/

Case No. 2:19-cv-10027
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER GRANTING IN PART and DENYING IN PART
PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY AND
MOTION FOR SANCTIONS (ECF NO. 50)</u>**

**I.     OPINION**

    **A.     Background**

This lawsuit concerns the alleged events of August 24, 2016, when Plaintiff "was incarcerated in the Wayne County Jail awaiting sentencing." (ECF No. 19, ¶ 24.) In sum, Burks contends that:

- . . . Wayne County Jail officials incarcerated a known violent sexual predator in the protective custody unit in which Plaintiff had been held alone, because of [Plaintiff's] association with the high-profile death of a young child.

- Despite Plaintiff's pleas for protection and report of a direct threat, he was left in the unit with the predator.

- Within hours, the predator forcibly raped Plaintiff, saying it was "punishment" for the child's death.

(ECF No. 19, ¶¶ 4-6.) Burks's causes of action include: (1) Eighth Amendment failure to protect and render aid; (2) Eighth Amendment failure to train and supervise; (3) Fourteenth Amendment Shocks the Conscience Deprivation of Substantive Rights; and, (4) Fourteenth Amendment gross negligence. (ECF No. 19, ¶¶ 80-118.)

### B. Previous Discovery-Related Orders

Although Plaintiff initiated his lawsuit *in pro per*, he is now represented by counsel. (ECF Nos. 11, 13.) On July 25, 2019, the Court entered a stipulated proposed order concerning the full internal affairs investigation and all lieutenants' reports. (ECF No. 17.) On October 29, 2019, Plaintiff served a request for inspection of premises, Interrogatory Nos. 1-8, and Requests to Produce Nos. 1-49. (ECF No. 33-2.)[1]

On December 13, 2019, the parties' filed their Fed. R. Civ. P. 26(f) joint discovery plan and case management plan. (ECF No. 31.) According to Plaintiff, "[d]uring counsels' call to discuss the Rule 26(f) Joint Discovery Plan, Plaintiff agreed to give Defendants until January 13, 2020 to respond to the requests with the understanding that Defendants would produce full and complete responses by

---

[1] During the August 12, 2020 motion hearing, defense counsel explained that Plaintiff's initial discovery requests – presumably those in Plaintiff's *pro se* May 16, 2019 motion for discovery (ECF No. 8) or those dated October 29, 2019 (ECF No. 33-2) – were served before the Fed. R. Civ. P. 26(f) conference.

2

that date." (ECF No. 33, PageID.159 ¶ 5.) Based upon yesterday's hearing and the record of this case, Defendant does not dispute this rendition of events, and it is clear that in making this agreement Defendants waived any further objection about discovery having been served prior to the Rule 26(f) conference.

On December 20, 2019, the Court entered a stipulated order for substitution of defense counsel. (ECF No. 32.) Approximately one month later, on January 17, 2020, Plaintiff filed a motion to compel discovery responses. (ECF No. 33.) On March 3, 2020, the Court granted this motion and awarded sanctions, specifically stating:

> Defendants are ordered to respond to the interrogatories previously served on them and produce the requested discovery that is the subject of the requests for production, as indicated in the attachments to plaintiff's motion, within 14 days of the entry of this order. It is further ordered that defendants pay expenses and attorney fees in the amount of $250.00 within 28 days of the entry of this order as a sanction for not complying with the requirements of the Federal rules.

(ECF No. 37, PageID.215.)[2]

Seven days later, on March 10, 2020, the Governor of the State of Michigan, Gretchen Whitmer, entered the first of what would become several executive orders declaring a state of emergency. *See* www.michigan.gov (Executive Order

---

[2] Defendants' March 20, 2020 objection (ECF No. 40) to the Court's order (ECF No. 37) remains pending.

(EO) 2020-04).³ To date, the State of Michigan remains in a state of emergency, albeit in a less restrictive footing than its initial form. (*Id.*, EO 2020-165.)

On March 20, 2020, Plaintiff filed a second motion to compel discovery and for imposition of sanctions. (ECF No. 38.) Judge Hluchaniuk conducted a telephonic status conference on April 28, 2020, at which time Plaintiff's counsel contends she was told to prepare a chart setting forth the interrogatories, requests to produce and whether they have been answered. (*See*, *e.g.*, ECF No. 50, PageID.347-349.) According to Plaintiff's counsel, defense counsel did not respond to at least two of her efforts to circulate this list, for which Plaintiff's counsel read into the record the transmittal email dates. This is not the level of courtesy and civility the Court expects from the attorneys appearing before it, and the Court pauses here to make clear that it expects counsel to respond to each other's emails and other inquiries in a prompt and courteous fashion. <u>The Court expects attorneys to adhere to the adage that they should be "part of the solution, rather than part of the problem."</u>

On May 20, 2020, the Court entered an order granting Plaintiff's second motion to compel (ECF No. 38) and granting Defendants' motion to stay (ECF No. 41). (ECF No. 47.) Among other things, the order provided: "The prior order of

---

³ *See also* EOs 2020-67, 2020-99, 2020-127, 2020-105, 2020-151, and EO 2020-165.

4

the court (ECF No. 37) and the present order of the court granting the motion to compel [are] stayed in that defendants' compliance with the orders is not due until 10 business days after the Governor lifts the State of Emergency Order regarding the COVID19 pandemic." (ECF No. 47, PageID.333.)

    **C.**    **Instant Motion**

Judge Drain has referred this case to me for pretrial matters. (ECF No. 49, 51.) Currently before the Court is Plaintiff's June 26, 2020 renewed motion to compel discovery and motion for sanctions (ECF No. 50), regarding which a response and reply have been filed (ECF Nos. 54, 55).

The parties' August 6, 2020 joint statement makes clear that nearly all of the eight interrogatories and forty-nine requests to produce are still at issue. (ECF No. 58.) A hearing was noticed for August 12, 2020, and the Court took oral argument via video conference, at which Attorneys Sarah Prescott and Paul T. O'Neill appeared. (ECF No. 59.)

During the hearing, the parties confirmed that no progress had been made since they submitted their joint statement. Moreover, they have differing interpretations of Judge Hluchaniuk's May 2020 order. (ECF No. 47.) Plaintiff argued that the spirit of the order requires compliance upon "return to work," while Defendants argued that – notwithstanding the fact that defense counsel has had access to his office since sometime in June 2020 – they are not compelled to

comply with the order, given that Michigan remains in a state of emergency (*see* EO 2020-165), which counsel also represented as the primary sole of basis of his pending appeal of Judge Hluchaniuk's first order compelling discovery. . While the Court's prior order did not specify that returning to work would, in and of itself, trigger obligations to comply with prior deadlines, the Court also notes that Michigan's "State of Emergency" status can be anticipated to continue for many months into the future, other litigation in this Court is moving forward smoothly at this time, and there is no real reason why Defendants cannot fulfill their discovery obligations at this point, particularly when their counsel has had access to his office for two months.

## II.     ORDER

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Plaintiff's June 26, 2020 renewed motion to compel discovery and motion for sanctions (ECF No. 50) is **GRANTED IN PART** and **DENIED IN PART** as follows, regardless of this order's filing date:

- Defense counsel admitted that the sanction described in Judge Hluchaniuk's order (ECF No. 37, PageID.215) has not yet been paid, withdrew his objection regarding sanctions, and stated he could "cut a check today[;]" therefore, defense counsel was ordered from the bench to draft a $250.00 check and place it in the mail to Plaintiff's counsel, post-marked **Wednesday, August 12, 2020**.

- The previously requested inspection of premises, including videography (ECF No. 33-2, PageID.173-174), must occur no less than 90 days before trial. This inspection can and will take place, as Judge Hluchaniuk described in his May 20, 2020 order, subject to any necessary protective order (*see* ECF No. 47, PageID.332-333). If this inspection does not take place, then Defendants will be precluded from calling any witnesses at trial.

- Defense counsel stated that the requested discovery does not involve privileged material. Moreover, it is way beyond the time to register an objection to the discovery requests at issue, the Court finding that all objections have been waived due to the untimeliness of the responses. No later than **Friday, August 21, 2020**, Defendants shall serve: **(1)** answers, without objections, to Interrogatory Nos. 1-8 (ECF No. 33-2, PageID.174-178), in accordance with Fed. R. Civ. P. 33(b), *i.e.*, signed and under oath by the client; and, **(2)** responses, without objections, to Requests to Produce Nos. 1-49 (ECF No. 33-2, PageID.178-192), signed in accordance with Fed. R. Civ. P. 34(b)(2). Defense counsel's written responses to the request for production of documents should use Bates numbers as a reference, whether referring to newly produced documents or those that have already been produced; in other words, it should be clear to Plaintiff's counsel what has been produced, what does and does not exist, and what the answers are, so that depositions can proceed. Interrogatory answers and written responses to requests for production must be dated and accompanied by certificates of service.

The Undersigned's reasons for setting these brief response periods were made clear on the record and need not be repeated here. However, Plaintiff's requested sanctions (ECF No. 50, PageID.353-356) are **DENIED**, because the express language of the Court's May 20, 2020 order left room for honest debate about

Defendants' discovery due date. (ECF No. 47, PageID.333.) For this same reason, and because neither side fully prevailed in this motion, and because it would otherwise be unjust, no costs or expenses are awarded. *See* Fed. R. Civ. P. 37(a)(5) or (b)(2)(C). <u>Failure to abide by this order puts Defendants and their counsel at serious risk of future sanctions,</u> including all sanctions referenced in Rule 37(b)(2).

Finally, the Court notes that, due to a stipulated order, the fact discovery deadline has been extended to **November 15, 2020**. (ECF Nos. 35, 48.) Nonetheless, the parties have expressed an interest in the extension of various scheduling order dates, with Plaintiff seeking a 90-day extension of discovery and Defendants requesting staggered dates. Accordingly, as explained from the bench, if the parties do not submit a related stipulation by the close of business on **Wednesday, August 19, 2020**, Court will *sua sponte* adjust the case management schedule.

**IT IS SO ORDERED.**

Dated: August 13, 2020            s/*Anthony P. Patti*
　　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE