UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN L. BURKS,

       Plaintiff,

v.

BENNY N. NAPOLEON, et al.,

       Defendants.
_____/

Case No. 2:19-cv-10027
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER GRANTING IN PART and DENYING IN PART PLAINTIFF'S JANUARY 27, 2021 RENEWED MOTION FOR SANCTIONS (ECF No. 83)

**I.   OPINION**

    **A.   Previous Discovery-Related Orders**

Judge Drain has referred this case for pretrial matters – first to Judge Hluchaniuk and then to the Undersigned. Although the parties have provided several stipulated orders over the course of this lawsuit (*see*, e.g., ECF Nos. 17, 18, 32, 48, 56, 66, 67, 70, 85, 86, 90, 92), the Court is far too familiar with the exchange of discovery in this case.

There were multiple motions that concerned Plaintiff's October 29, 2019 first set of interrogatories and first set of RFPs (ECF No. 33-2), beginning with Plaintiff's January 17, 2020 motion to compel (ECF No. 33). Judge Hluchaniuk granted the motion to compel and awarded sanctions in the amount of $250. (ECF

No. 37.) On August 14, 2020, Judge Drain found Defendant County's objection to be moot. (ECF Nos. 40, 61). The first set of discovery requests was also at issue in Plaintiff's March 20, 2020 second motion to compel discovery and for imposition of sanctions. (ECF Nos. 38, 38-2). Judge Hluchaniuk entered an order that granted both Plaintiff's motion and Defendants' motion to stay the Court's prior order. (ECF Nos. 41, 47.) The first set of discovery requests were also at issue in Plaintiff's June 26, 2020 renewed motion to compel discovery and motion for sanctions. (ECF Nos. 50, 50-1). The Undersigned's August 13, 2020 order required Defendant to pay the previously ordered $250 but denied requested sanctions based on "honest debate about Defendants' discovery due date." (ECF No. 60, PageID.463-465.)

At some point, Plaintiff served his second set of discovery requests. Plaintiff's September 4, 2020 motion for sanctions (ECF No. 62) concerned Defendants' August 21, 2020 response to Plaintiff's first set of interrogatories and first request for production (ECF No. 62-2). The October 30, 2020 stipulated order resolved that motion, but the language of the stipulated order required production with respect to various of the second RTPs <u>by November 13, 2020</u>. (ECF No. 70, PageID.558.)

    **B.**     **Instant Motion**

Plaintiff served a third set of discovery requests on September 1, 2020 (ECF No. 83-3), to which no response was served *until sometime in February 2021*, *i.e.*, Defendant(s) served a response after the "missing" answers were brought to this Court's attention in the instant motion (ECF No. 83, PageID.742). Currently before the Court is Plaintiff's January 27, 2020 renewed motion for sanctions (ECF No. 83), which concerns: (1) the first set of RFPs (ECF No. 83-1); (2) Defendant's September 11, 2020 and November 13, 2020 responses to Plaintiff's second set of RFPs (ECF No. 83-2, 83-5); and, (3) Plaintiff's September 1, 2020 third set of RFPs (ECF No. 83-3). Defendants did not file a response.

A hearing was noticed for March 12, 2021. (ECF Nos. 84, 87.) On that date, Attorney Sarah Prescott appeared on Plaintiff's behalf and Attorney Paul T. O'Neill appeared on behalf of the Defendants. During the hearing, defense counsel mentioned a February 16, 2020 attempt to file a response, which would have been tardy in any case. E.D. Mich. LR 7.1(e)(2)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion."). No such response appears on the record, and the Court did not receive a hard copy of such a response, as required by the Undersigned's Practice Guidelines regarding "Motion Practice." Thus, the instant motion is, somewhat astonishingly, unopposed. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

3

Even if Defendants had opposed the motion in writing, for the many reasons stated on the record and exhibited on the docket – namely Defendants' extensive history of ignoring discovery deadlines and being less than compliant with Court directives, several examples of which were admitted by defense counsel at the hearing – some form of sanctions is warranted. Additionally, the Court is convinced that Plaintiff has been prejudiced by this behavior, even if much has been cured or alleviated, and that this motion necessarily had to be filed in order to further "prod" Defendants into action and compliance. Four hundred plus days expended in "looking for" documents that were, in some cases, first requested in September 2019 is excessive. It is time to pin Defendants down as to what they do and do not have.

### C. Order

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if fully restated herein</u>, Plaintiff's January 27, 2021 motion for sanctions (ECF No. 83), as framed by the prayer for relief (ECF No. 83, PageID.742-746), is **GRANTED IN PART** and **DENIED IN PART** as follows, regardless of this order's filing date:

> 1. Plaintiff's request for entry of default judgment against Defendants based on Fed. R. Civ. P. 37(b)(2)(A)(vi) is **DENIED**. Although Plaintiff was prejudiced by Defendants' delayed responses to the subject discovery requests, the prejudice is somewhat cured by items that Plaintiff now has in hand and the extension of discovery

ordered herein.  Furthermore, the Court notes that Defendants have provided extensive discovery in this case, even if it has been delayed and intermittent.  This is not a case in which Defendants have played the proverbial wallflower and utterly refused to "dance the dance;" rather, Defendants have danced in fits and starts, albeit often reluctantly, with the need for repeated prodding.

2.  Moreover, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's alternative requests for relief that the Court direct certain matters "be taken as established for purposes of the action, as the prevailing party claims[,]" Fed. R. Civ. P. 37(b)(2)(A)(i) (ECF No. 83, PageID.743-746) or that the Court "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[,]" Fed. R. Civ. P. 37(b)(2)(a)(ii).  The Court **HEREBY DIRECTS** that <u>the matters to be taken as established for purposes of the action, and prohibitions from introducing designated matters in evidence are:</u>

    a.    Defendant Wayne County may not rely on policies other than those produced at Bates numbers 436-497, 1149-1170, 2025-2042, 9020-9051, 9093-9097.

    b.    No Wayne County Sheriff's Office orders exist requiring staff to have training on the foregoing policies.

    c.    Other than the training files produced at Bates numbers 6602-6631, Wayne County has no record of training attendance and shall not contend that it did train beyond what those records reflect.

    d.    While the assailant, Solomon, was initially classified, there are no Classification Evaluation Update (CEU) forms concerning Solomon (per ECF No. 83-5, PageID.838).  Plaintiff is left to his proofs, based on the absence of such a record, Fed. R. Evid. 803(10), as to whether the Wayne County Sheriff's Office reassessed Solomon.

    e.    Defendants have not been able to locate a Rights of Inmates Form, but defense counsel represented that there is a custom and practice of giving inmates a handbook and tri-fold notice. Plaintiff is left to his proofs, based on the absence of such a record, Fed. R. Evid. 803(10), as to whether the Wayne County Sheriff's Office gave him the handbook and notice.

    f.    Defendant Wayne County has no training materials described in RFP No. 3 of the 3rd RFPs (ECF No. 83-3, PageID.798), other than those mentioned in the August 21, 2020 responses to 1st RFPs Nos. 11 and 12 – Bates Numbers 1149-1205, 498-599, and 1299-1355 (*see* ECF No. 62-2, PageID.496).

3.    As for the 3rd RTPs (ECF No. 83-3):

    a.    Defendants have until **March 22, 2021** by which to serve supplemental responses to Nos. 1 and 2, in writing <u>and signed by counsel</u>, specifically **(i)** identifying exactly what Bates ranges of documents were the policies **in effect in August 2016, (ii)** reproducing those policies as attachments to that written and signed response, and **(iii)** attaching a proof of service, all of which shall likewise be filed with the Court, *referencing this Order*; and,

    b.    as to Nos. 3 and 4, no orders exist that require staff to attend the designated training, as reflected above.

4.    As pointed out in detail during the hearing, it was absolutely necessary for Plaintiff to file this motion for sanctions. Having afforded Defendants the opportunity to be heard on the issue of fees and expenses, the Court awards "reasonable expenses," including "attorney's fees," consistent with Fed. R. Civ. P. 37(a)(5)(A) (where disclosure or discovery is served after the motion is filed), Fed. R. Civ. P. 37(a)(5)(C) (where motion is granted in part and denied in part), and Fed. R. Civ. P. 37(b)(2)(C) (payment of expenses for failure to comply with a discovery order). Defendants shall reimburse Plaintiff for a total of 13.8 hours (10.8 hours of motion and hearing preparation and 3.0 hours for the hearing). Moreover, having

considered counsel's education, the size and location of Plaintiff's counsel's law firm, her position within that firm, her years of experience, her specialty, her various organizational roles, and her non-contingency, hourly billing rate of $400, and State Bar of Michigan's *Economics of Law Practice in Michigan 2020* regarding the "Remainder of Wayne County," the Court finds that a reasonable hourly rate for purposes of this motion is $350. Accordingly, as discussed on the record, no later than **Friday, April 2, 2021**, Defendant Wayne County **SHALL** reimburse Plaintiff's law firm in the amount of $4,830 and file proof of service of the payment upon Salvatore Prescott & Porter (105 E. Main Street, Northville, MI 48167). If this is not accomplished, then the Undersigned will issue a show cause order for Wayne County's Chief Financial Officer to appear and explain why the County should not be held in contempt.

Beyond the relief Plaintiff seeks in her renewed motion for sanctions (ECF No. 83), all dates set forth in the November 19, 2020 scheduling order are extended by ninety days, *i.e.*, the fact-witness list is due by **April 15, 2021**, the rebuttal witness list is due by **April 22, 2021**, the expert witness list is due by **June 1, 2021**, discovery is due by **June 30, 2021**, and the dispositive motion cut-off is set for **July 30, 2021**. As discovery continues, the parties are reminded that untimely answers and responses result in a waiver of related objections. Moreover, the parties are reminded of their obligations under Fed. R. Civ. P. LR 7.1(a) ("Seeking Concurrence in Motions and Requests") before bringing any more motions. As has been done here, the Court will continue to award "reasonable expenses, including attorney's fees" as permitted under Fed. R. Civ. P. 37.

Finally, a status conference will be conducted on **Wednesday, May 17th at 3:30 p.m.**

**IT IS SO ORDERED.**[1]

Dated:   March 16, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).