UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN L. BURKS,

        Plaintiff,

v.

BENNY N. NAPOLEON, et al.,

        Defendants.
_____/

Case No. 2:19-cv-10027
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## **SECOND ORDER REQUIRING WAYNE COUNTY TO SHOW CAUSE**

Judge Drain has referred this case for pretrial matters. The prior discovery-related orders provide adequate foundation for the matter currently before the Court. (*See*, *e.g.*, ECF Nos. 37, 47, 60, 61, 96, 113.) Here, it is sufficient to point out that, on March 16, 2021, the Court ordered Wayne County to reimburse Plaintiff's law firm in the amount of $4,840 no later than Friday, April 2, 2021 (ECF No. 96, PageID.948), and, on July 13, 2021, Judge Drain overruled Defendants' untimely objection (ECF No. 102) and affirmed my order (ECF No. 96). (ECF No. 113.) In any case, Defendant never obtained a stay of my March 16, 2021 order, so the payment was at all times due by April 2, 2021. *See* E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until

it is stayed by the magistrate judge or a district judge."). Thus, in July 2021, it was more than appropriate for Plaintiff to seek payment.

Plaintiff emailed defense counsel on July 22, 2021 to inquire about payment, and defense counsel responded on July 26, 2021, indicating that Defendants were contemplating a motion for reconsideration, presumably according to E.D. Mich. LR 7.1(h). (ECF No. 123-2.) No such motion was ever filed; even if it had been, it would not have stayed my prior order for payment without more. Nearly two months thereafter, Plaintiff filed the instant September 27, 2021 renewed motion for default judgment, wherein he represents that "the payment was not made; the required proof was not filed, and no effort to request a stay of this Order was ever made in any form." (ECF No. 123, PageID.1175.) Accordingly, on October 1, 2021, I entered an order to show cause, which provided:

> . . . unless the payment shall have by then been tendered to Plaintiff's counsel, **Wayne County's Chief Financial Officer**, Hughey Newsome, **SHALL** appear in person in my courtroom at the **Theodore Levin United States Courthouse** (231 W. Lafayette, Courtroom 672, Detroit, MI 48226) on **Friday November 5, 2021** at **10 a.m.** and explain why the County should not be held in contempt. *Notwithstanding whether any payment has been made by November 5th*, the Court will also hold a hearing at that same time and date, <u>at which Attorney Paul T. O'Neill must appear</u>, to address the renewed motion for default and to consider whether sanctions should be awarded against Defendants or their counsel under Fed. R. Civ. P. 37(b) or pursuant to this Court's inherent authority.

2

(ECF No. 124, PageID.1254 (emphasis in original); *see also* ECF No. 125.) As of November 4, 2021, Plaintiff's counsel's firm had not received payment from Wayne County. (ECF No. 127.)

On the date set for hearing, Attorney Sarah Prescott appeared on Plaintiff's behalf and Attorney Paul T. O'Neill appeared on behalf of the Defendants. Mr. Newsome was not present, and the Court did not accept defense counsel's attempt to pay from a personal account, not only because the check was post-dated for ten days hence and, thus, not presently negotiable, but also because the Court's order required reimbursement by *Defendant Wayne County*, not by its counsel, as is the Court's prerogative to specify under Fed. R. Civ. P. 37(a)(5)(A) or Rule 37(b)(2)(C) or Rule 37(d)(3). (*See* ECF No. 96, PageID.948.) The Court engaged in extensive questioning with counsel for the parties and has ordered an expedited hearing transcript, which is expected be finished in seven days.

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if fully restated herein</u>, the Court orders as follows:

- Plaintiff's September 27, 2021 renewed motion for default judgment (ECF No. 123), which seeks "default as to liability," is **TAKEN UNDER ADVISEMENT**.

- The personal check that defense counsel presented on November 5, 2021 has been copied by the Court, returned to defense counsel, and a photocopy of it will be filed separately under seal in the record of this case.

3

- The dispositive motion deadline, which is currently set for **November 18, 2021** (ECF No. 126), is extended indefinitely. The Court will reissue a dispositive motion deadline after it addresses Plaintiff's currently pending motion for default judgment (ECF No. 123).

- No later than **Friday, November 19, 2021**, Plaintiff may file a supplemental brief, not to exceed five pages, that is limited to addressing the late, July 2021 disclosure of the recordings associated with the internal affairs (IA) file on the events of this case. In anticipation of an argument that Defendants were not required to disclose the recordings under Fed. Civ. P. 26(a)(1)(A)(ii), Plaintiff may address whether any such recordings would have been responsive to any previously served discovery request or previous order of the Court.

- Defendants have until **Monday, November 30, 2021**, by which to file their 5-page response.

- Defense counsel is required to review Michigan Rule of Professional Conduct 1.16(a)(2) and to communicate with his client(s) if he is required to take any action thereunder.

- The following four individuals – counsel of record (Paul T. O'Neill), Wayne County Sheriff's Office general counsel (David Melton), Wayne County Corporation Counsel (James W. Heath), and Wayne County's Chief Financial Officer (Hughey Newsome) – **SHALL** appear in person on **Monday, December 13th** at **9:30 a.m.** in my courtroom (Theodore Levin United States Courthouse, 231 W. Lafayette, Room 672, Detroit, MI 48225) for the purpose of showing cause as to why Defendant Wayne County should not be held in contempt of Court for failure to either make the payment called for by my March 16, 2021 order (ECF No. 96) in a timely manner or have Mr. Newsome appear on November 5, 2021. In order to prepare for this appearance, Melton, Heath, and Newsome are **REQUIRED** to read the November 5, 2021 hearing transcript, when it appears on the docket, word-for-word. These

4

representatives must appear, regardless of whether Wayne County has already made the $4,830 payment.

Finally, the Clerk of the Court is **DIRECTED** to serve this order: (1) upon Plaintiff and Defendants by regular (electronic) means; (2) upon each of the aforementioned Wayne County representatives by email (poneill@waynecounty.com, dmelton@waynecounty.com, jheath@waynecounty.com, Hnewsome@waynecounty.com); and, (3) upon each of these representatives by U.S. Postal Service (500 Griswold St Fl 30, Detroit, MI 48226-3480).

    IT IS SO ORDERED.[1]

Dated:   November 8, 2021

                                                       _[signature]_
                                                  Anthony P. Patti
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).