UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN L. BURKS,

        Plaintiff,

v.

BENNY N. NAPOLEON, et al.,

        Defendants.

_____/

Case No. 2:19-cv-10027
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING IN PART and DENYING IN PART
PLAINTIFF'S JANUARY 31, 2022 MOTION FOR ATTORNEY FEES
(ECF No. 149)**

**I.    OPINION**

    **A.    Background**

Judge Drain has referred this case for pretrial matters – first to Judge Hluchaniuk and then to the Undersigned. As is apparent from the docket, the motion practice in this case has been plentiful. Of import to the matter currently before the Court are: (1) Plaintiff's September 4, 2020 motion for sanctions (ECF No. 62), as to which the Court entered an October 30, 2020 stipulated order (ECF No. 70); and, (2) Plaintiff's January 27, 2021 motion for sanctions (ECF No. 83), as to which the Court entered a March 16, 2021 order awarding a sanction of $4,830 in attorney fees to Plaintiff (ECF No. 96), and the related order overruling objections on July 13, 2021 (ECF Nos. 102, 113).

### B. Pending motions

Currently pending before the Court are two motions: (1) Plaintiff's November 27, 2021 renewed motion for default judgment (ECF No. 123), on which the Court conducted November 5, 2021 and December 13, 2021 hearings and which remains under advisement; and, (2) Plaintiff's January 31, 2022 motion for attorney fees (ECF No. 149), regarding which Defendants have filed a response (ECF No. 150). This order concerns the latter.

### C. Plaintiff's motion for attorney fees

Citing Fed. R. Civ. P. 37(a)(5)(A), Plaintiff seeks reimbursement attorney fees in the amount of $11,360.00, *i.e.*, "28.4 hours at $400/hour" (ECF No. 149, PageID.2077, 2079-2080, 2083.) At the December 13, 2021 show cause hearing, defense counsel conceded, in light of this history, that it was appropriate for Wayne County to be ordered to pay the attorney fees associated with Plaintiff's efforts to obtain compliance with Judge Drain's July 13, 2021 order (ECF No. 113). The Court finds that these included, *inter alia*: (1) filing the September 27, 2021 renewed motion for default judgment, which specifically asked that Plaintiff "be reimbursed for all of the fees incurred because of Defendants' failure to honor the Court's Orders[,]" (ECF No. 123, PageID.1180); (2) a November 5, 2021 show cause hearing; (3) a December 15, 2021 show cause hearing; and, (4) supplemental briefing (ECF Nos. 136, 146). Since it is obvious that the County would not have

complied with Judge Drain's July 13, 2021 order in the absence of Plaintiff's motion (ECF No. 123), *regardless of whether the Court ultimately recommends the requested default judgment as the remedy*, Plaintiff's efforts must be reimbursed. In the Court's view, but for Defendants' failure to abide by the requirements of my March 16, 2021 order awarding sanctions (ECF No. 96) and Judge Drain's order overruling objections to it (ECF No. 113), none of the subsequent motion practice and related hearings identified above would ever have had to be pursued. In other words, the extensive and expensive efforts to pry the March 16, 2021 sanction award out of the County's coffers (in the manner then ordered) would not have been necessary if the County had promptly complied when the order was affirmed on July 13, 2021.

The Court cannot help but observe that there was an easy way to go about this and a hard one: the easy way was to pay the sanctions as and when ordered; the hard way was to ignore the Court's order and put one's opponent in the position of needing to institute further proceedings. Not at all surprisingly, the hard way ends up being even more expensive to the non-compliant party. Once Plaintiff was forced to push the proverbial snowball down the hill, Defendants were no longer in a position to complain as it gathered heft.

### 1. Hourly rate

The Court has considered Plaintiff's argument as to the reasonableness of his counsel's $400 hourly rate. (ECF No. 149, PageID.2080-2083.) Defendants advocate for awarding fees at a $350 hourly rate. (ECF No. 150, PageID.2129 ¶ 1c.) Notwithstanding Plaintiff's argument that the Court "should consider a rate of $400, namely the 75th percentile for this Civil Rights case[,]" (ECF No. 149, PageID.2081), in support of which he cites the State Bar of Michigan's 2020 *Economics of Law Practice* (ECF No. 149-4) and his counsel's resume / curriculum vitae (ECF No. 149-5), the Court is also cognizant of the hourly rate previously awarded in its March 16, 2021 decision in this case:

> . . . having considered counsel's education, the size and location of Plaintiff's counsel's law firm, her position within that firm, her years of experience, her specialty, her various organizational roles, and her non-contingency, hourly billing rate of $400, and State Bar of Michigan's Economics of Law Practice in Michigan 2020 regarding the "Remainder of Wayne County," *the Court finds that a reasonable hourly rate for purposes of this motion is $350*.

*Burks v. Napoleon*, No. 2:19-CV-10027, 2021 WL 973077, at *3 (E.D. Mich. Mar. 16, 2021) (emphasis added), *objections overruled*, No. 19-CV-10027, 2021 WL 5873002 (E.D. Mich. July 13, 2021). Upon consideration, the Court does not believe a $50/hour upward increase is warranted by the passing of a single year; however, an increase of $25/hour is reasonable and consistent with the last published rates for Wayne County attorneys ($375) and civil litigation ($375) in the 75th percentile and with the median for plaintiff personal injury attorneys in

4

Downtown Detroit and New City Center ($375). (ECF No. 149-4, PageID.2104; *see also*, https://www.michbar.org/file/pmrc/articles/0000156.pdf, at 10,13 and 37 (last checked April 8, 2022)).  Accordingly, and taking the qualifications and experience of Plaintiff's counsel into account, the Court awards fees at a rate of $375 per hour.

### 2.   Hours

The Court has considered Plaintiff's argument that the "time requested was necessary and reasonable[,]" (ECF No. 149, PageID.2080), in support of which he attaches a chart with time entries dated June 10, 2021 to January 24, 2022 (ECF No. 149-3).  Defendants object to "the inclusion of time unrelated to that for which Magistrate Judge Patti ordered was recoverable," namely as set forth in the December 15, 2021 text-only order (ECF No. 150-2).  (*See* ECF No. 150, PageID.2128, 2129 ¶ 2, 2130, 2142).

As a reminder, the Court's March 16, 2021 order required reimbursement of $4,830 (13.8 hours at $350/hour) (ECF No. 96, PageID.947-948), and it was affirmed on July 13, 2021 (ECF No. 113).  Thereafter, on December 15, 2021, the Court provided:

> . . . no later than **January 31, 2022** , Plaintiff shall submit a sworn bill of costs, expenses, and attorney fees <u>associated with his attempts to achieve Defendants' compliance with Judge Drain's July 13, 2021 order (ECF No. 113)</u> overruling Defendants' objection (ECF No. 102) to my March 16, 2021 opinion and order (ECF No. 96). Defendants

5

>shall have up to and including **February 15, 2022** by which to file any related objection.

Text-only order (bold in original, underline added).

Here, Defendants oppose nearly half of the 28.4 hours for which Plaintiff seeks reimbursement.[1] Thus, by dint of simple arithmetic, Defendants concede the reasonableness of 13.7 of the hours sought. As to the 14.7 hours Defendants oppose as not relating to "enforcement of Judge Drain's July 13, 2021 order . . . [,]" (ECF No. 150, PageID.2132, 2142-2143, 2145), the Court finds:

- Plaintiff is not entitled to reimbursement for the June 2021 time entries totaling 1.1 hours, which pre-date Judge Drain's July 13, 2021 order;

- Plaintiff is not entitled to reimbursement for September 2021's 1.5 contested hours, because the scant detail provided does not make clear that these items are related to achieving compliance with Judge Drain's July 13, 2021 order; instead, these items appear related to Defendants' emergency motion to adjourn (ECF No. 119) and the September 14, 2021 stipulated order (ECF No. 122);[2]

---

[1] Defendants' opposition to 14.6 hours (ECF No. 150, PageID.2132, ¶ xviii) is based on a mistaken reference to the January 24, 2022 time entry as 1.4, when it was actually 1.5. (*Compare* ECF No. 149-3, PageID.2091.) Thus, it appears Defendants actually oppose 14.7 hours.

[2] Moreover, the transcript of the November 5, 2021 show cause hearing clarifies that the Court was talking about reimbursement relating to the September 27, 2021 renewed motion for default judgment (ECF No. 123), at least to the extent it discussed Defendants' failure to comply with Judge Drain's July 13, 2021 order (ECF No. 113). (*See* ECF No. 131, PageID.1280, 1294.)

- Of November 2021's contested 5.3 hours, Plaintiff is not entitled to reimbursement for the 0.6 hour attributable to a client call, but <u>Plaintiff is entitled to reimbursement for the 0.5 hours attributable to ethics and the 4.2 hours attributable to what seems to be Plaintiff's November 19, 2021 supplemental brief (ECF No. 136)</u> pursuant to the Court's second order to show cause (ECF No. 129).  While it is true, as pointed out by Defendants, that the withholding of evidence or "sandbagging" issue addressed in this supplemental brief was first raised by Plaintiff at the November 2021 show cause hearing (ECF No. 150, PageID.2130 ¶ c), the Court called for further briefing on it because it relates to the question of Defendants' compliance with its basic obligation to disclose key evidence, honesty concerning the existence of evidence, and the sanction issue now before the Court; the Court made clear that the time spend by Plaintiff on this supplemental briefing "will be reimbursed." (ECF No. 131, PageID.1332.)  And, in response, Defendants did not offer their current explanation "as an excuse" for "the failure of the County to recognize that they were responsive to at least one discovery request," or for "its counsel to ensure that the responses he provided were complete." (ECF No. 140, PageID.1484.)  Instead, Defendants "recognize[d]" that their former counsel "mislead the Court, Plaintiff's counsel, and themselves[,]" and acknowledged "the time delay and frustration of Plaintiff's counsels [sic]." (*Id*., PageID.1485 (internal record citation omitted).)  Most significantly, they acknowledged:  "The remedy for such frustration *and extra work* **should be compensation**." (*Id*.) (emphases added);

- <u>Plaintiff is entitled to reimbursement for the 0.1 hour December 2, 2021 time entry</u>, which is described as "review Defendants' response brief on order to show cause," and is presumably a reference to Defendants' November 29, 2021 filing (ECF No. 140), which relates back to Plaintiff's renewed motion for default judgment (ECF No. 123) and the second order to show cause (ECF No. 129); and,

- Of January 2022's contested 6.7 hours, <u>Plaintiff is entitled to the 5.2 hours apparently related to Plaintiff's January 14, 2022</u>

7

> supplemental brief (ECF No. 146), as it relates to a legal issue in connection with the same default judgment motion (ECF No. 123) by which Plaintiff sought to address Defendants' non-compliance with Judge Drain's July 13, 2021 order and was requested by the Court in its December 15, 2021 Text-Only Order, an effort that would not have been made but for Defendants' failure to pay the sanctions ordered back in March 2021, and <u>Plaintiff is entitled to reimbursement for the 0.1 hours related to the fee petition (ECF No. 149); however,</u> Plaintiff is not entitled to the 1.4 hours attributed to the client call.

(ECF No. 149-3, PageID.2090-2091.) In sum, Plaintiff is entitled to reimbursement for 23.8 hours – *i.e.*, 13.7 hours as to which Defendants conceded reasonableness and 10.1 of the contested hours.

### D. Order

Accordingly, Plaintiff's January 31, 2022 motion for attorney fees (ECF No. 149) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**1.** Although Plaintiff sought reimbursement at $400/hour, Defendants shall reimburse him for attorney fees at <u>$375/hour</u>.

**2.** To the extent Plaintiff sought reimbursement for 28.4 hours, Defendants shall reimburse him for 23.8 hours.

Accordingly, the Court awards "reasonable expenses," including "attorney's fees," consistent with Fed. R. Civ. P. 37(a)(5), in the amount of $8,925.00. Thus, no later than **April 25, 2022**, Wayne County is **HEREBY ORDERED** make payment to Plaintiff's law firm in the amount of **$8,925.00** and file proof of service of the payment upon Salvatore Prescott & Porter (105 E. Main Street, Northville, MI

48167). (*See* ECF No. 96, PageID.948.) Finally, a report and recommendation on Plaintiff's September 27, 2021 renewed motion for default judgment (ECF No. 123) will issue under separate cover.

    **IT IS SO ORDERED.**[3]

Dated:   April 13, 2022

                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).