## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHNATHAN L. BURKS,

     Plaintiff,

                              Case No. 2:19-cv-10027

v.

                              Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al*.,    Mag. Judge Anthony P. Patti

     Defendants.

| | |
|---|---|
| Sarah S. Prescott (P70510) | T. Joseph Seward (P35095) |
| David Fegley (P85275) | Kali M. Henderson (P76479) |
| SALVATORE PRESCOTT | SEWARD HENDERSON PLLC |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 210 E. 3rd Street, Suite 212 |
| 105 East Main Street | Royal Oak, MI 48067 |
| Northville, MI 48167 | P: (248) 733-3580 |
| P: (248) 679-8711 | F: (248) 733-3633 |
| F: (248) 773-7280 | jseward@sewardhenderson.com |
| prescott@spplawyers.com | khenderson@sewardhenderson.com |
| fegley@spplaw.comf | |
| | Souriana T. Hammoud |
| | Wayne County Corporation Counsel |
| | Guardian Building |
| | 500 Griswold, 30th Floor |
| | Detroit, MI 48226 |
| | P: (313) 224-6669 |
| | F: (313) 967-3532 |
| | shammoud@co.wayne.mi.us |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO VIOLENCE OF NON-PARTIES

NOW COMES PLAINTIFF, by and through his attorneys, SALVATORE,

PRESCOTT, PORTER & PORTER PLLC, and for his Motion in Limine To Exclude Evidence Related to Violence of Non-Parties, he states as follows:

1.   This case concerns a sexual assault in 2016, when the Plaintiff was raped by a fellow inmate during his detention at the Wayne County Jail.

2.   The Court has defaulted the Defendants on liability, meaning that the jury will be empaneled solely to assess Plaintiff's damages.

3.   This Motion in Limine seeks to exclude any and all claims, arguments, questions insinuating that Plaintiff's incarceration was associated in any way with the death of a child, on the grounds that such evidence is not relevant and/or is more prejudicial than probative under FRE 401-403.

4.   Although the law is clear that such matters are inadmissible, Defendant has not agreed to concur in the relief requested and does oppose this motion.

WHEREFORE, Plaintiff is forced to move the Court to prevent the Defendants from commenting on, raising or presenting any evidence relating to the violence of non-parties.

Respectfully Submitted,
SALVATORE  PRESCOTT  PORTER
& PORTER, PLLC

Dated: July 10, 2023

/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
Attorney for Plaintiff
105 E. Main Street
Northville, MI 48167
248-679-8711
prescott@sppplaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHNATHAN L. BURKS,

    Plaintiff,

                           Case No. 2:19-cv-10027

v.

                           Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al*.,   Mag. Judge Anthony P. Patti

    Defendants.

| | |
|---|---|
| Sarah S. Prescott (P70510) | T. Joseph Seward (P35095) |
| David Fegley (P85275) | Kali M. Henderson (P76479) |
| SALVATORE PRESCOTT | SEWARD HENDERSON PLLC |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 210 E. 3rd Street, Suite 212 |
| 105 East Main Street | Royal Oak, MI 48067 |
| Northville, MI 48167 | P: (248) 733-3580 |
| P: (248) 679-8711 | F: (248) 733-3633 |
| F: (248) 773-7280 | khenderson@sewardhenderson.com |
| prescott@spplawyers.com | jseward@sewardhenderson.com |
| fegley@sppplaw.com | |
| | Souriana T. Hammoud |
| | Wayne County Corporation Counsel |
| | Guardian Building |
| | 500 Griswold, 30th Floor |
| | Detroit, MI 48226 |
| | P: (313) 224-6669 |
| | F: (313) 967-3532 |
| | shammoud@co.wayne.mi.us |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE RELATED TO VIOLENCE OF NON-PARTIES

## TABLE OF CONTENTS

Table of Contents……………………………………………………….....……....…i

Index of Authorities……………………………………………………………..…ii

Question Presented………………………………………………………………iii

Controlling Authority……………………………………………….………...iv

Introduction……………………………………………………………....…....1

Procedural Context and Efforts to Avoid this Motion………………………....2

Legal Argument…………………………………..………………………….....4

Operationalizing this Ruling………………………………………...…..11

Conclusion…………………………………………………………....…12

# INDEX OF AUTHORITIES

**Cases**                                                                        **Page No.**

*Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988)..................................4

*Jamison v. Storer Broadcasting Co*., 511 F.Supp. 1286, 1294 (E.D. Mich. 1981….6

*Joint Anti-Fascist Refugee Committee v. McGrath*,
    341 U.S. 123, 178-179 (1951)......................................................................8-9

*Payne v. Gill*, No. 224873, 2002 WL 522817 (Mich. Ct. App. April 5, 2002)........5

*People v. Beck*, 504 Mich. 605 939 N.W.2d 213 (2019)……………………………7

*People v. Burks,* 2020 WL 969592 (Mich. Ct. App. Feb. 27, 2020).......................2

*Shepard v. United States*, 290 U.S. 96, 104, (1933)...............................................11

*State v Cote*, 129 N.H. 358, 372-375 (1987)..........................................................7

*U.S. v. Asher*, 910 F.3d 854, 862 (6th Cir. 2018).....................................................6

*U.S. v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993).....................................................5

*U.S. v. Lopez-Medina,* 461 F.3d 724, 741-742 (6th Cir. 2006)..............................8

*U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 401 (S.D. Ohio 2001).....................5

*U.S. v. Polasek*, 162 F.3d 878, 884 (5th Cir. 1998).................................................7

*U.S. v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007).....................................................11


**Statutes and Rules**                                                           **Page No.**

Fed. R. Evid. 401……………………………………………………….…4, 7-8, 12

Fed. R. Evid. 402………………………………………………….......4, 8, 12

Fed. R. Evid. 403…………………………………………………………4, 8, 12

Fed. R. Evid. 404………………………………………………………....8, 9

Fed. R. Evid. 608……………………………………………………..….8-9

Fed. R. Evid. 609………………………………………………………..8-10

Mich. R. Evid. 608……………………………………………………….10


**Other Authorities**                                                            **Page No.**

1 Weinstein's Evidence P 403(03) (1980).................................................................6

## QUESTION PRESENTED

1.      Should this Honorable Court enter an order precluding the Defendants from commenting on, raising, or presenting any evidence or argument relating to the violence of non-parties?

Plaintiff's answer: Yes.
Defendants' answer:  No.

## CONTROLLING AUTHORITY

Federal Rules of Evidence 401-403

## Introduction

This is a case about a kidnapping and sexual assault that occurred on August 24, 2016. At the time of the rape, Plaintiff Jonathan Burks was taken into custody and held in Wayne County Jail. There, Wayne County placed Mr. Burks in a cell with Martin Solomon, an unmanageable, unmedicated County-diagnosed "psychotic" and prolific sexual predator with dozens of rape charges. Mr. Burks asked for help, especially after Solomon threatened him−but Defendants ignored him. Tragically, and unsurprisingly, Solomon assaulted Mr. Burks just hours later. This fact is not disputable: it was the kidnapping and multiple count CSC-1 verdict of a Wayne County jury when Burks took his life into his hands by cooperating with the prosecutor's office as an informant, and pressed charges. Solomon was convicted and exhausted his appeals.

In his upcoming damages trial, Mr. Burks acknowledges that the jury will learn that he was raped *while he was under arrest*. The jury can also learn that Mr. Burks was convicted of home invasion, and that he remains a prisoner in MDOC custody. However, this Motion in Limine seeks to exclude as irrelevant and extremely prejudicial any argument or mention that a man acquainted with Mr. Burks shot anyone during the situation, including a child. Not only is *another person's crime* and guilt by association generally an inadmissible theme, but in this instance, a jury literally considered whether Burks was in any way liable for

battery or murder — and he was acquitted as *not guilty*. See *People v. Burks*, No. 335955, 2020 WL 969592 (Mich. Ct. App. Feb. 27, 2020), at *1 (acknowledging jury verdict of acquittal). That is res judicata. Not only was Burks *acquitted* of physically harming *anyone*, but someone else was convicted.

Despite the acquittals on the charges that Mr. Burks caused anyone's death, Defendants have postured to Plaintiff's counsel in settlement discussions that Mr. Burks is a child-killer who, specifically because of "his" supposed prior bad acts, will be despised by jurors. Such evidence must be excluded as irrelevant under FRE 401 and 402 and/or because it is more prejudicial than probative under FRE 403.

**Procedural Context and Efforts to Avoid this Motion**

Mr. Burks has consistently maintained – and a criminal jury agreed – that he was the driver in what turned out to be a home invasion by others. Mr. Burks never entered the home where the crime took place. Instead, two others entered a family's home and shot and killed its inhabitants, including a child. While Mr. Burks was tried for the crime of murder and battery, he has testified that he was forced to drive away from the crime *at gunpoint*. The jury acquitted him of involvement in the battery and the murder.

The context of the child's death was relevant to the liability phase of this case. It arguably added to the evidence about Plaintiff being at extra risk from

2

others. Elements of the criminal history therefore *are* part of the operative complaint and are mentioned by experts who at the time had that fact before them. Likewise, at Plaintiff's deposition, defense counsel repeatedly elicited testimony about why Plaintiff believed he was placed in protective custody upon his arrival at Wayne County Jail. *See* **Ex. A**, Burks Dep. at 5-6.

However, on March 23, 2023, this Court entered default judgment as to liability against all Defendants in this case. That determination makes any mention of the history either irrelevant or substantially more prejudicial than probative or both.

Nevertheless, in settlement discussions with Mr. Burks' attorneys, Defendants' attorneys have expressed supreme confidence that any damages award will be modest specifically because of bias; specifically, they believe that any reasonable jury will disdain someone involved in the murder of a child. Defendants' contributions to the Joint Final Pretrial Order preview this approach: Their proposed witness list includes Diallo Davis and Reginald Street – two of Mr. Burks' co-defendants from his criminal trial – as well as Andrea Montgomery and Temora Moore, relatives of the shooting victim. Defendants have made clear their intention to highlight at trial the tragic death of a 3-year-old child to inflame the jury and minimize potential damages.

This intention was reiterated when Defendants refused to concur in the relief requested here on or about July 7, 2023.

## Legal Argument

The Federal Rules of Evidence ("FRE") guide courts in determining the admissibility of evidence. Under FRE 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. "Evidence that is not relevant is not admissible." FRE 402. Even if evidence is deemed relevant, it may still be inadmissible under FRE 403, which permits a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

Mr. Burks acknowledges that evidence related to the death of the child may have been relevant to the question of liability, such as how his association with the allegations put a target on his back for assault. But just because evidence might be relevant to the issue of liability does not mean that it is "of consequences to the determination" this jury will make, i.e. that of Mr. Burks' damages, which is the sole issue before the jury here. See *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th

4

Cir. 1988) ("Logically, liability must be resolved before damages may be considered. Often the evidence relevant to the two issues is wholly unrelated"); *U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 401 (S.D. Ohio 2001) (explaining that some evidence is "relevant on the issue of punitive damages, [but] is irrelevant on liability."); *Payne v. Gill*, No. 224873, 2002 WL 522817 (Mich. Ct. App. April 5, 2002) (**Ex. C**) (recognizing that while evidence defendant was driving drunk when he injured plaintiff would be relevant to the issue of liability, the defendant had already admitted liability so such evidence "was not relevant to the nature and extent of plaintiff's injuries and would only serve to appeal to the jury's prejudices.").

The fact that other individuals killed a child sheds no light on Mr. Burks' damages for a sexual assault and kidnapping.

But even if the Court were to conclude that evidence of another person's murder of a child was relevant, the Court still should exclude the evidence under FRE 403. It is both unfairly prejudicial and has the potential of misleading or confusing the jury. "Unfair prejudice ....refers to evidence which tends to suggest a decision on an improper basis." *U.S. v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). Just such an improper basis, i.e., bias, is the aim of eliciting and discussing this history now. Realistically, there is nothing the jury needs to decide that requires hearing about a death. As noted above, there is no relationship between another

person's crime and damages stemming from Mr. Burks' rape.

Even if the Court somehow found some "legitimate probative force" in that evidence, the evidence is nevertheless inadmissible because it is heavily outweighed by the unfair prejudice that will encourage jurors to "suggest a decision on an improper basis." In short, the death of a child is the sort of evidence that "so shocks the conscience that the jury may decide that the defendant is a bad person," deserving of punishment in the form of minimal damages. *Cf. U.S. v. Asher*, 910 F.3d 854, 862 (6th Cir. 2018) (vacating and remanding for a new trial after holding that the admission of evidence that Defendant severely beat a jail inmate and wrote a false account of the incident was improper bad acts evidence and its admission was not harmless). "Certainly, a jury is more likely to engage in this type of judgment when the prior-conduct evidence portrays the defendant as having committed an appalling act." *Id.* That concern is magnified when the evidence at issue "appeals to a jury's sympathies and connects a party to a 'highly charged public issue[,]'" like gun violence. *Jamison v. Storer Broadcasting Co.*, 511 F.Supp. 1286, 1294 (E.D. Mich. 1981) (quoting 1 Weinstein's Evidence P 403(03) at 403-16 to 403-17 (1980)).

Further intensely supporting a finding of *unfair* prejudice is the fact that Mr. Burks was acquitted of charges related to the murder of the child. Mr. Burks literally did not pull a trigger; someone else did. Moreover, he is not legally

responsible, either; someone else has been found guilty and he has been acquitted. These distinctions matter because they highlight the attenuation implicit in the Defendants' argument: The child's murder was not committed by Mr. Burks, but they still want the jury to link him to it. To allow Defendants in this trial to brand Mr. Burks a child-killer would functionally punish Mr. Burks for acquitted conduct. Courts have roundly rejected such an approach as **unconstitutional**. *See*, e.g. *People v. Beck*, 504 Mich. 605; 939 N.W.2d 213 (2019) (barring judges from considering acquitted conduct when sentencing criminal defendants); *State v Cote*, 129 N.H. 358, 372-375; 530 A.2d 775 (1987) (same).

Defendants' hopes to link Mr. Burks to the acts of known associates constitutes a guilt-by-association approach that this Court should reject. Time and again, Courts hold that the fact that a witness associates with criminals or is in some way connected to criminals does not make the underlying facts of those criminals' convictions relevant. *See, U.S. v. Cunningham*, 804 F.2d 58, 61-62 (6th Cir. 1986) (finding evidence that one of defendants' brother-in-law had been convicted of the same crime for which defendants were on trial presented a "clear danger of guilt by association" and was irrelevant under FRE 401); *U.S. v. Polasek*, 162 F.3d 878, 884 (5th Cir. 1998) (determining that evidence about how a criminal defendant's former business associates had later been convicted on separate fraud charges was inadmissible, explaining that "guilt by association" evidence is

7

"highly prejudicial."). *See also, id*. at 884 n.2 (compiling cases from various circuits identifying how guilt by association evidence is often excluded either as irrelevant under FRE 401 and 402 or unduly prejudicial under FRE 403).

To be sure, there are circumstances where an individual's prior bad acts may be admissible. The Federal Rules of Evidence contemplate and narrowly define such circumstances, in various ways, through FRE 404, 608 and 609. However, these rules are helpful here more because they underscore what is *outside* the bounds of admissibility.

First, FRE 404(b) limits evidence **of a witness'** own prior bad acts such as "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character;" such evidence may only be introduced for specific purposes like "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b)(1)-(2). Of course, FRE 404(b) is inapposite here. The murder of a child — while certainly a contemptible prior bad act — was a prior bad act *committed by someone other than Mr. Burks.* But this Rule demonstrates that even if this were Mr. Burks's bad act it could not come in. "Evidence that demonstrates only 'guilt by association' . . . is irrelevant to the question of a defendant's actual guilt" let alone something as far attenuated as his damages due to a later rape. *U.S. v. Lopez-Medina,* 461 F.3d 724, 741-742 (6th Cir. 2006). *See also, Joint*

*Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 178-179 (1951) (Frankfurter, J., concurring) ("The technique is one of guilt by association—one of the most odious institutions of history. . . . When we make guilt vicarious we borrow from systems alien to ours and ape our enemies."). In short, any argument or mention that a third party killed a child, even if that killer was in some way associated with Mr. Burks would serve none of the permissible purposes outlined in FRE 404(b)(2). And, again, this assumes for discussion sake only that this could be a 404 discussion at all. This is not Mr. Burks' criminal trial, nor is it the criminal trial of his rapist. Mr. Burks' only "conduct" at issue here is being a rape **<u>victim</u>**. Nothing about the prior acts of Mr. Burks' former co-defendants serve any relevant or admissible purpose.

Character evidence is strictly and carefully limited because of its problematic tendency to cause people to be dismissed for irrelevant, prejudicial reasons. The evidence at issue here is not even in the ballpark of admissibility for proper reasons otherwise allowed under 404, and that is telling.

The Federal Rules of Evidence offer alternative routes for evidence of past conduct to come in, but they too reflect the narrowness of exceptions to the general rule of exclusion. FRE 608 and FRE 609, for instance, consider, respectively, the circumstances where testimony about specific instances of conduct reflecting on a witness' truthfulness may be elicited in cross-examination and when prior criminal

convictions may be admissible. These rules are useful here because they show us when prior bad acts do come in--and hence illustrate why anything at issue with another's crime cannot come in.  Neither rule can be read, even with squinted eyes, to admit evidence about one's arrest, let alone the criminal conviction and bad acts of a separate party--and these are the only two rules that even arguably contemplate admitting such evidence.

As to MRE 608, there is a world of difference between an attorney asking a witness on cross-examination: "Isn't it true that you lied on your taxes last year?" and "Isn't it true that someone you know very well did so?" Or worse, "Isn't it true someone you know harmed a child?" The first question speaks to the witness' own character for truthfulness by eliciting testimony about their own prior act of dishonesty, as the Rules establish. Such questions **may** be in bounds. However, the latter two examples rope in a third party's past act, in the hopes that the propensity shadow it casts will envelop the witness. The child's death has no bearing on Burks' character for truthfulness in the only ways the Rules allow a Court to even consider admitting.

Likewise, FRE 609(a)(1)(A) narrowly allows admission of criminal convictions for crimes punishable by more than one year in, but nothing in MRE 609 allows evidence or the factual underpinning of an arrest or a third-party's criminal conviction.

These rules were designed to carefully distinguish what is allowable -- and what is not. They make clear by negative implication that a third party's acts are not admissible.

In sum, "because '[t]he reverberating clang of those accusatory words would drown out all weaker sounds [and] the risk of confusion is so great as to upset the balance of advantage, the evidence goes out." *U.S. v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007) (quoting *Shepard v. United States*, 290 U.S. 96, 104, (1933)). The Court should bar any reference to the death of a child caused by a non-party in a damages trial about Mr. Burks' rape.

### Operationalizing this Ruling

As noted, several paragraphs of the operative, amended complaint references a child's death to explain why he was placed in a protective custody unit, why MDOC was on notice of the risk to his well-being and how his rapist justified his heinous acts ("punishment" for the child's death). Likewise, there are stray references to this same issue in the patient history of Burks' medical records and the expert reports. *E.g.,* Plaintiff's Amended Complaint, ECF No. 19, PageID.71-91, ¶ 4, 6, 25, 26, 47, 49, 55, 82.

Those facts *were* arguably relevant to the question of liability, but they are not necessary for the jury in this case to consider. It is sufficient for the jury in this damages-only trial to know that Defendants had a duty to protect Mr. Burks and

11

failed to do so; the precise reason *why* Mr. Burks was placed in protective custody or his rapist's professed motivation are not relevant. To that end, Plaintiff proposes using the attached redlined version of Mr. Burks' complaint that removes any reference to any death or child's death, to be available to the jury as part of the charge on liability. Likewise, Defendants should not elicit or reference the issue of a death. **Ex. B**.

### Conclusion

The tragic murder of others does not affect in any way the extent of damages that Mr. Burks suffered upon being raped by his fellow inmate, while in Defendants' custody. It would be wrongful and odious to try to excuse Wayne County's actions based on bias, hatred, emotion, and contempt for conduct as to which he was acquitted. Mr. Burks was tried by a jury and he is not guilty of the crime of battery *or* murder. The fact of the child's death is not relevant under FRE 401 and 402. Even if it were, FRE 403 should bar its admission, given the high potential for undue prejudice, jury confusion and its minimal/non-existent probative value. The federal rules prescribe various avenues through which prior acts evidence may be admissible, but none apply here.

Respectfully Submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

Dated: July 10, 2023                    /s/ Sarah S. Prescott
                                        Sarah S. Prescott (P70510)
                                        Attorney for Plaintiff
                                        105 E. Main Street
                                        Northville, MI 48167
                                        248-679-8711
                                        prescott@sppplaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using this Court's electronic filing system, which will send notification of such filing to all counsel of record.

Dated:  July 10, 2023                    /s/ Tara L. Lank
                                         Tara Lank