# EXHIBIT C

2002 WL 522817
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

Tracy PAYNE, Plaintiff–Appellant,

v.

Jeffrey GILL and Noreen Peace, Defendants–Appellees.

No. 224873.
|
April 5, 2002.

Before: K.F. KELLY, P.J., and HOOD and DOCTOROFF, JJ.

UNPUBLISHED

PER CURIAM.

 *1  Plaintiff appeals as of right from a judgment of no cause of action. We affirm.

Plaintiff argues that the jury's verdict of no cause of action is against the great weight of the evidence. Plaintiff contends that the expert testimony presented as well as plaintiff's testimony clearly establish that she suffered a serious impairment of body function. We disagree.

Plaintiff's argument that the verdict was against the great weight of the evidence was raised in a motion for new trial, which the trial court denied. We review a trial court's grant or denial of a motion for new trial for an abuse of discretion. *People v. Daoust,* 228 Mich.App 1, 16; 577 NW2d 179 (1998). An abuse of discretion exists when the trial court's denial of the motion was manifestly against the clear weight of the evidence. *Id.*

The trial court's determination that a verdict is not against the great weight of the evidence is given substantial deference. *Morinelli v Provident Life & Accident Co,* 242 Mich.App 255, 261; 617 NW2d 777 (2000). Here, the trial court found that there was evidentiary support for the jury's determination that plaintiff did not suffer from a serious impairment of body function. We agree.

Some factors to consider when determining whether an impairment is "serious" are the extent of the injury, the treatment required, the duration of disability, the extent of residual impairment, and the prognosis for eventual recovery. *Miller v. Purcell,* 246 Mich.App 244, 248; 631 NW2d 760 (2001). Conflicting medical expert testimony was presented regarding the nature and severity of plaintiff's injuries. Supporting the jury's verdict was Dr. Femminineo's testimony that he found no pathology in plaintiff and Dr. Siatczynski's testimony that after physical therapy plaintiff's opinion was that her knees were ninety and eighty percent recovered. Dr. Siatczynski believed that plaintiff's prognosis was fair to good.

Additionally, plaintiff received no treatment at the hospital following the accident, except for a Motrin prescription, and her treatment in the years since has consisted of two prescriptions for physical therapy and chiropractic adjustments. Plaintiff missed only two days of work and continued to work full-time with only minor accommodations immediately following the accident. Although plaintiff contends that she is limited in some recreational activities and yard work, overall her lifestyle does not appear to have substantially changed. Therefore, there was sufficient evidence to support the jury's verdict, and the trial court did not abuse its discretion in denying plaintiff's motion for new trial.

Plaintiff next argues that the court erred in excluding the word "drunk" immediately preceding "driver" from Dr. Sandra L. Frazho's and plaintiff's testimony when referring to defendant Gill. Plaintiff contends that because defendants did not object to the use of the word "drunk" in Dr. Frazho's testimony at her deposition, the issue was waived. We disagree.

 *2  An evidentiary ruling is reviewed on appeal for an abuse of discretion. *People v. Layher,* 464 Mich. 756, 761; 631 NW2d 281 (2001). Defendants did not waive their right to object to this testimony by not raising the objection at Dr. Frazho's deposition. A party does not waive its objection to the admissibility of deposition evidence by waiting until trial to assert it. *Bonelli v. Volkswagen,* 166 Mich.App 483, 504; 421 NW2d 213 (1988). Admissibility challenges can be adequately disposed of only by an exercise of the trial judge's discretion. *Willerick v. Hanshalli,* 136 Mich.App 484, 490;

356 NW2d 36 (1984). Further, none of the court rules which plaintiff cites support her contention.

Plaintiff next contends that Dr. Frazho's testimony characterizing defendant Gill as a "drunk" driver was part of a medical history and therefore admissible under MRE 803(4). Again, we disagree. To be admissible under the rule, the statement must be reasonably necessary for medical treatment or diagnosis. *Merrow v. Bofferding,* 458 Mich. 617, 629–630; 581 NW2d 696 (1998); *Bradbury v. Ford Motor Co,* 123 Mich.App 179, 187; 333 NW2d 214 (1983). In the instant case, the trial court held that the fact plaintiff was allegedly hit by a "drunk" driver was not germane to plaintiff's diagnosis or treatment. We agree. Pertinent to both plaintiff's medical treatment and diagnosis was the fact that she was hit by *a* driver. Whether the driver was drunk at the time is relevant to the question of negligence, but not to either plaintiff's medical treatment or diagnosis.

Last, plaintiff contends that the fact that she was hit by a "drunk" driver was relevant to the case and deletion of the word deprived plaintiff of her right to fully testify as to her damages. The trial court excluded the testimony, reasoning that it was irrelevant to the case because defendants admitted liability and the prejudicial effect of the word substantially outweighed its probative value.

To be relevant, evidence must bear on a fact of consequence to the case. MRE 401. The only questions submitted to the jury were whether plaintiff suffered a serious impairment of body function and if so, what were her damages. Plaintiff presents no argument as to how defendant Gill's characterization as a "drunk" driver was probative of whether plaintiff suffered a serious impairment of body function. Rather, whether Gill was drunk related solely to the liability issue. Because defendants admitted liability, there was no need for the jury to hear the testimony. The testimony was not relevant to the nature and extent of plaintiff's injuries and would only serve to appeal to the jury's prejudices.

Plaintiff also argues that this testimony was relevant to plaintiff's damages. However, this argument is moot. The jury's verdict of no cause of action was not against the great weight of the evidence; thus, there is no damage issue to address. Therefore, the trial court did not abuse its discretion in excluding all references to defendant Gill as a "drunk" driver.

**\*3** Affirmed.

**All Citations**

Not Reported in N.W.2d, 2002 WL 522817

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.