# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHNATHAN L. BURKS,

      Plaintiff,

                                      Case No. 2:19-cv-10027

v.

                                        Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al.*,      Mag. Anthony P. Patti

      Defendants.              **PLAINTIFF'S MOTION IN**
                                **LIMINE REGARDING OPINION**
                                **EVIDENCE OF BULIFANT AND**
                                **DAVIS**

---

Sarah S. Prescott (P70510)
David Fegley (P85275
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
P: (248) 679-8711
F: (248) 773-7280
prescott@sppplaw.com
fegley@sppplaw.com

Kali M. L. Henderson (P76479)
T. Joseph Seward (P35095)
SEWARD PECK & HENDERSON
PLLC
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
khenderson@sewardhenderson.com
jseward@sewardhenderson.com

Souriana T. Hammoud
Wayne County Corporation Counsel
Guardian Building
500 Griswold, 30th Floor
Detroit, MI 48226
P: (313) 224-6669
F: (313) 967-3532
shammoud@co.wayne.mi.us

---

## <u>PLAINTIFF'S MOTION IN LIMINE REGARDING OPINION EVIDENCE OF BULIFANT AND DAVIS</u>

NOW COMES Plaintiff Johnathan Burks, by and through his counsel of record, Salvatore Prescott Porter & Porter, PLLC, and for his Motion in Limine regarding Opinion Evidence of Bulifant and Davis, he states the following:

1.      There are four independently sufficient reasons to preclude the defense from calling Alan Bulifant or James Davis as "experts" to opine in the upcoming August 22, 2023 trial in this matter, as Defendants seek to do.

2.      First, the area of liability they have been disclosed to testify about is now not at issue. An expert may only testify about items disclosed, so there is no need for these two to testify at all, with liability being resolved.

3.      Second, these experts seek to testify to just one thing and that is explicitly to their opinion that Wayne County did not engage in a legally defined term, "deliberate indifference." It would be clear error to allow this to occur under controlling law.

4.      Third, the defense made improper disclosures under Federal Rule of Civil Procedure 26(a)(2)(C), when in fact a full expert report under 26(a)(2)(B) was required.

5.      Finally, the defense team wholly authored and passed off these experts' "opinions" and the facts relied upon for the witnesses, without even

showing the witnesses what they were supposed to say or why.  The "experts" only saw the final result long afterward, in preparing for their depositions. One of the two actually admitted under oath that, no, he could *not* testify as the defense team said he would. In several instances, the two admitted they lacked knowledge of the things represented. This is sanctionable conduct and falls *far* short of the reliability of an independent expert that Federal Rule of Evidence 702 requires.

6.     A request for concurrence in this matter, with reasoning explained, was made on July 5, 2023. Defendants have not concurred.

### RELIEF REQUESTED

NOW WHEREFORE, for the foregoing reasons, and those stated more fully in Plaintiff's attached Brief in Support, Plaintiff urges this Honorable Court to preclude the defense from calling Alan Bulifant or James Davis as "experts" to opine in the upcoming August 22, 2023 trial in this matter, as Defendants seek to do.

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
David Fegley (P85275
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
P: (248) 679-8711
F: (248) 773-7280
prescott@sppplaw.com
Dated: July 10, 2023                    fegley@sppplaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHNATHAN L. BURKS,

      Plaintiff,

                                    Case No. 2:19-cv-10027

v.

                                    Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al.*,    Mag. Anthony P. Patti

      Defendants.              **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE REGARDING OPINION EVIDENCE OF BULIFANT AND DAVIS**

---

Sarah S. Prescott (P70510)
David Fegley (P85275
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
P: (248) 679-8711
F: (248) 773-7280
prescott@sppplaw.com
fegley@sppplaw.com

Kali M. L. Henderson (P76479)
T. Joseph Seward (P35095)
SEWARD PECK & HENDERSON
PLLC
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
khenderson@sewardhenderson.com
jseward@sewardhenderson.com

Souriana T. Hammoud
Wayne County Corporation Counsel
Guardian Building
500 Griswold, 30th Floor
Detroit, MI 48226
P: (313) 224-6669
F: (313) 967-3532
shammoud@co.wayne.mi.us

---

# TABLE OF CONTENTS

Table of Contents…………………………………………………………......…….......i
Index of Authorities……………………………………………………………..…...ii
Question Presented………………………………………………………………..…iii
Controlling Authority……………………………………………………..………...iv
Introduction……………………………………………………………………..…1
I.     Reason 1: The Only Disclosed Opinion in this Matter is Now Outside the Jury's Role……………………………………………………………………1
II.    Reason 2: Witnesses, Whether Expert or Otherwise, are Not Allowed to Testify to Ultimate Issues Such as "Deliberate Indifference"..........................3
III.   Reason 3: Defendants Made Improper Disclosure and Should Not Now Reap Benefit from Having Done So…………………………………….......…3
   A.   Davis is Not a Percipient Witness Able to Testify under Fed. R. Civ. P. 26(a)(2)(C).........................................................................................6
   B.   Bulifant is Not a Percipient Witness………………….…………….…7
IV.    Reason 4: Defendants' Experts Cannot Clear Hurdle of Fed. R. Evid. 702……………………………………………………………….…….…9
   A.   Davis Did Not Write "His" Opinion and Could Not Connect Facts Written For Him to Any Opinion nor Adopt the Opinion Written for Him…………………………………………………………….......13
   B.   Bulifant Did Not Write Disclosures and Did Not Have Information to Do So………………………………………………………….......14
Conclusion…………………………………………………………….…....…15

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page No.**

*Arista Records LLC v. Usenet.com, Inc.*,
    608 F. Supp. 2d 409 (S.D.N.Y. 2009)..........................................................11

*ASK Chemicals, LP v. Computer Packages, Inc.*,
    593 Fed. App'x 506, No. 14–3041,
    2014 WL 6911574, at *4 (6th Cir. Dec. 10, 2014).....................................12

*Beane v. Util. Trailer Mfg. Co.*, No. 2:10 CV 781,
    2013 WL 1344763 (W.D. La. Feb. 25, 2013)................................................5

*Bekaert Corp. v. City of Dyersburg*,
    256 F.R.D. 573 (W.D. Tenn. 2009)........................................................11-12

*Berry v. City of Detroit*,
    25 F.3d 1342 (6th Cir. 1994)........................................................................3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993)..................................................................................10

*Est. of Puppolo v. Welch*, No. 5:14-CV-95,
    2017 WL 4042342 (D. Vt. Sept. 12, 2017) *aff'd sub nom.*,
    *Puppolo v. Welch*, 771 F. App'x 64 (2d Cir. 2019)....................................10

*Fielden v. CSX Transp., Inc.*,
    482 F.3d 866 (6th Cir. 2007).......................................................................6

*Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*,
    2006 WL 1319543 (S.D.N.Y. May 11, 2006)............................................11

*Hillman Power Co. v. On-Site Equip. Maint.*, No. 1:19-cv-11009,
    2021 WL 4487965 (E.D. Mich. Oct. 1, 2021)..............................................6

*In re Jackson Nat. Life Ins. Co. Premium Litigation*, No. 96–MD–1122,
    2000 WL 33654070 (W.D. Mich. Feb. 8, 2000).........................................12

*James T. Scatuorchio Racing Stable v. Walmac Stud Mgt., LLC*,
    No. 5:11–374–DCR, 2014 WL 1744848
    (E.D. Ky. Apr. 30, 2014).....................................................................11, 13

*King–Ind. Forge, Inc. v. Millennium Forge, Inc.*,
    2009 WL 3187685 (S.D. Ind. Sept. 29, 2009)............................................11

*Manning v. Crockett*, No. 95 C 3117,
    1999 WL 342715 (N.D. Ill. May 18, 1999)................................................11

*Nelson v. Tenn. Gas Pipeline Co.*,
    243 F.3d 244 (6th Cir. 2001)......................................................................10

*Numatics, Inc. v. Balluff, Inc.*,
    66 F. Supp. 3d 934 (E.D. Mich. 2014)......................................................13

*Occulto v. Adamar of New Jersey, Inc.*,
    125 F.R.D. 611 (D.N.J. 1989)....................................................................12

*Pedigo, M.D. v. UNUM Life Ins. Co. of Am.,*
  145 F.3d 804 (6th Cir. 1998)..............................................................................6
*Suetta Smith v. Cty. of Lenawee*, No. 09-10648,
  2011 U.S. Dist. LEXIS 32152 (E.D. Mich. Mar. 28, 2011)..........................10
*Torres v. Cty. of Oakland*,
  758 F.2d 147 (6th Cir. 1985)..............................................................................3
*Ulbrick v. UPR Prod., Inc., No. CIV. 08-13764,*
  2011 WL 500034 (E.D. Mich. Feb. 8, 2011)...................................................5
*Webastro Thermo & Comfort N. Am., Inc. v. Bestop Inc.*,
  2019 WL 2417070 (E.D. Mich. June 10, 2019)...............................................5

## Statutes and Rules                                   Page No.

Fed. R. Civ. P. 26(a)(2)(B)........................................................................5, 11-12
Fed. R. Civ. P. 26(a)(2)(C)..............................................................................6
Fed. R. Evid. 401.............................................................................................3
Fed. R. Evid. 402..........................................................................................3
Fed. R. Evid. 702.....................................................................2-3, 9-10
Fed. R. Evid. 703..........................................................................................2
Fed. R. Evid. 705........................................................................................2

## QUESTION PRESENTED

1.      Should this Honorable Court enter an order precluding the defense from calling Alan Bulifant or James Davis as "experts" to opine in the upcoming August 22, 2023 trial in this matter?

Plaintiff's answer: Yes.
Defendants' answer:  No.

# CONTROLLING AUTHORITY

*Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994)

## Introduction

This is a motion in limine relative to the Burks trial set for August 22, 2023 that involves the law relating to expert witnesses. Unlike other witnesses, expert witnesses are designated specially and are allowed to give the jury opinions about matters outside the knowledge of regular people. Certain witnesses can even do so when they were not present, based on the input of other witnesses or facts put into evidence. This motion involves a muddled presentation by the defense of two witnesses as percipient witnesses, from whom it will seek to elicit opinions that are at odds with the default judgment entered in this case. There are four reasons not to allow that to happen.

## I.   Reason 1:  The Only Disclosed Opinion in this Matter is Now Outside the Jury's Role

This is an action arising out of egregious violations of the Eighth and Fourteenth Amendments of the United States Constitution. This Court has defaulted the Defendants on liability. The counts in this case include the following:

**Count I:** Deprivation of Eighth Amendment Right to be Free from Cruel and Unusual Punishment by Failure to Render Aid (against all Defendants);

**Count II:** Deprivation of Eighth Amendment Right to be Free from Cruel and Unusual Punishment by Failure to Train and Supervise (against Defendants County of Wayne and Napoleon);

**Count III:** Deprivation of Substantive Rights under the Fourteenth Amendment by Conduct Which Shocks the Conscience (against all Defendants); and

**Count IV:** Deprivation of Substantive Rights under the Fourteenth Amendment by Gross Negligence (against all Defendants except County of Wayne).

In short, these claims and the elements supporting them have been deemed to be proven. Counts I and II, for violations of the Eighth Amendment, turn on exhibiting deliberate indifference to a known risk which is cruel and unusual as a matter of law. The issue of deliberate indifference as a question of liability thus has already been decided.

This motion seeks to prevent the Defendant from eliciting the opinion of its two "expert" witnesses to the contrary of what this Court has determined as a matter of law. To be specific about the opinion at issue, during discovery the defense articulated exactly *one* identical/repetitious opinion for its two "experts" who are now at issue. The opinion in full reads as follows:

> a.      Commander Bulifant[/Davis] is expected to present evidence under Fed. R. Evid. 702, 703 and 705 regarding the fact that the Wayne County Jail took measures to address the risk of sexual assault in the jails. Thus, the Defendants did NOT act with deliberate indifference as to whether Plaintiff was subject to an assault in the Jail on August 24, 2016.

2

*See,* **Exh. A**, Defs' Disclosures. The identical text is cited for James Davis's so-called "expert" opinion. *Id.* at Para. 2.

This motion is very straightforward as a result. The only subject area disclosed for these "experts" to now comment on is an issue they do not need to comment on, and any such commentary would be contrary to the Court's determination of liability. Hence, these opinions are inadmissible as irrelevant under Federal Rules of Evidence 401-402. They are also inadmissible as opinions because they are not "helpful" to the jury, which is an independent touchstone for admissibility of an expert's opinion. Fed. R. Evid. 702.

## II.    Reason 2:  Witnesses, Whether Expert or Otherwise, are Not Allowed to Testify to Ultimate Issues Such as "Deliberate Indifference"

Even if the above were not true, it is very basic that no witness is permitted to invade a jury's role by testifying to "deliberate indifference." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). "The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury." *Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) (collecting cases).

## III.    Reason 3:  Defendants Made Improper Disclosures and Should Not Now Reap Benefit from Having Done So

It is undisputed that the defense never filed any expert report because it characterized two witnesses at issue here as percipient (also known as

3

non-retained) experts. Those are supposed to be individuals who happened to witness the events in dispute, and at the same time are experts. A common example is a surgeon who did the surgery in dispute and is also highly skilled and trained, i.e., an expert. These sorts of experts do not rely on others' observations or facts. Rather, they draw on the facts they witnessed to assist the jury with opinions. These sorts of witnesses have a lower procedural hurdle when it comes to discovery and what must be disclosed in advance. They only have to provide the areas of their opinion and an account of the facts that support their opinion.

Outside experts rely on others to give them facts and data, so they have more stringent disclosure requirements.

Here, the defense disclosures were inadequate because designating Bulifant and Davis as percipient witnesses was inappropriate and constitutes an end run around the expert disclosure rules. Bulifant and Davis were not percipient witnesses who had facts to draw on to support a valid opinion. They were staff of Wayne County Jail, but were not present and involved in the events that led to the rape at issue. The following two subsections break down these facts for each man. But the upshot is that the disclosures were inadequate because these two relied on the observations and facts of others, and cannot avoid the more stringent rules for disclosure.

In short, the law is that these two witnesses' disclosures were required to include expert reports and other disclosures under Fed. R. Civ. P. 26(a)(2)(B), not (a)(2)(C), because they had no personal knowledge of the events at issue. Before turning to those facts, the law is that in order to avoid subrule (a)(2)(B), a witness must base his opinion on his own involvement in the events. *Ulbrick v. UPR Prod., Inc.*, No. CIV. 08-13764, 2011 WL 500034, at *4 (E.D. Mich. Feb. 8, 2011) (**Exh. D**) (precluding a witness who failed to supply a report from testifying, affirming Judge Majzoub, where the witness' "opinions were not formed as a result of witnessing or experiencing the accident which is the subject matter of this lawsuit. Rather, they were presumably formed as a result of a process that any expert witness would undertake; namely, an 'after-the-fact' review of the events."). In short, courts differentiate between **"'in-the-moment' or 'on-the-scene'"** **knowledge** from someone learning about the events "after-the-fact." *Id.* (emphasis added)*; see also, Webastro Thermo & Comfort N. Am., Inc. v. Bestop Inc.*, 2019 WL 2417070 (E.D. Mich. June 10, 2019) (**Exh. D**) (defining a percipient witness as one who forms their opinion at the time of the event, as opposed to those who are recruited to give testimony without prior knowledge); *Beane v. Util. Trailer Mfg. Co.,* No. 2:10 CV 781, 2013 WL 1344763, at *4 (W.D. La. Feb. 25, 2013) (**Exh. D**) (excluding witnesses without first-hand knowledge because allowing any other result would exempt a party from having to expend the extra effort in

presenting expert reports); *cf. Pedigo, M.D. v. UNUM Life Ins. Co. of Am.*, 145 F.3d 804, 807–08 (6th Cir. 1998) (witness who is "not testifying from first-hand knowledge but, like other experts, only from information observed, gathered, and preserved by others" must adhere to disclosure requirements). Only if the expert "formed their opinions at the time of their involvement and not at the request of counsel" then "[a]n expert will not be considered to have been retained for the purposes of providing expert testimony." *See Hillman Power Co. v. On-Site Equip. Maint.*, No. 1:19-cv-11009, 2021 WL 4487965, at *6 (E.D. Mich. Oct. 1, 2021) (**Exh. D**) (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007)).

### A.    Davis is Not a Percipient Witness Able to Testify under Fed R. Civ. P. 26(a)(2)(C)

Mr. Davis was not present at Wayne County full time in any capacity after 2014. The rape at issue happened in 2016. Mr. Davis was not sure when he returned to Wayne County, but he thinks it was probably in late 2015 or early 2016. After that point, he was a consultant and made head of sexual safety in 2016. **Exh. A**, 9/24/21 Davis Dep. at 5-8. He was not present at the time of the rape. *Id.* at 21-22. He did not work in the facility where the rape happened, nor did he visit that facility as part of his regular duties. *Id.* at 112. He did not ever speak with the victim, Plaintiff, or the assailant. *Id.* at 20 (he has never even met either one of them). He did not train the officers who were there, such as preparing them about

rape awareness. *Id.* at 29. He did not know if they received training on prison rape elimination law or regulations before the rape from anyone else either. *Id.* at 62. He was not overseeing or supervising anyone the night of the rape; in fact, he was not in the chain of command at all. *Id. at* 21-28. He did not speak to the Commander who was on duty (Cain) about this at all (*id.* at 25, 50), nor did he have any awareness of the internal affairs investigation after the rape. *Id.* at 44. He did not know why the assailant and Plaintiff/the victim were housed together. He did not ask anyone. *Id.* at 91-95. He did not know who was working and who placed Burks and Solomon together (*id.* at 59) and, therefore, could not speak to those individuals' training. He was working on a handbook for prisoners on sexual safety, but was not sure when it was given to anyone. He did not read the investigatory file in any detail, and did not ask any questions himself up until the date of his deposition. *Id.* at 21. He did not read any witness statements, and at most *may* have discussed the investigation quarterly with those actually involved. *Id.* at 25, 21-28. He did not know whether federal law (PREA) was followed in reporting the results of an investigation to the Plaintiff. *Id.* at 77.

### B.    Bulifant is Not a Percipient Witness

When asked about operations of the facility where the rape occurred, he said he could not answer because, "I was in charge of another area back then." **Exh. B**, 1/12/21 Bulifant Dep. at 22. Similarly, as to other operations questions, he

generally disclaimed knowledge: "I don't know what was going on in the jails." **Exh. C**, 9/27/21 Bulifant Dep. 74. He added he could not speak about modern operations such as rounds that were happening (or not!) around the time of the rape, because "I left the jail in 2002." *Id.* at 77. He was not in the facility when the rape occurred, and was not a witness. In fact, he had not been physically in the ward at all long before it happened. *Id.* at 14. He did not know who was in command at the time. *Id.* at 15 (could narrow it to two possibilities). He had "no idea" if the officers who were present did their jobs. *Id.* at 64.

His sole personal knowledge came only after the rape and even that was extremely limited. *Id.* at 10. For example, he never talked to Solomon, the assailant, about the rape, nor with the victim, Plaintiff Burks – ever. *Id.* at 10. Likewise, he neither participated in witness interviews (*id.* at 19), nor later listened to taped statements. *Id.* at 11. He had no memory of even reviewing the investigatory file. *Id.* at 11. He did not know until the deposition that no staff on duty at the time was ever questioned about the rape (*id.* at 34-35), nor that they never wrote reports about the events of the night of the rape. *Id.* at 43-44 (does not know if they were even asked to do so). He took the position that the Department lacked information about how to investigate the County's failures leading to the rape because, "You don't know what you don't know" and he claimed the department need not have done anything to investigate its own failures leading to

the rape because as a whole it knew "nothing about" the situation. *Id.* at 45. When asked if Internal Affaris took any steps to determine if there had been an internal failure leading to the rape, i.e., do any investigation other than take the initial complaint from Burks, he answered, "I don't know." And in regard to practices in general, he also does not know if officers are typically questioned about sexual assaults of prisoners that happen on their watch. *Id.* at 59-60.

These witnesses are not internal experts who know the facts from their own knowledge. They could be deemed experts *only* upon reliance on others' factual knowledge, and, therefore, the disclosures provided are improper.

## IV.    Reason 4:  Defendants' Experts Cannot Clear Hurdle of Fed. R. Evid. 702

Even if any one of the above three reasons were not independently sufficient here, the last reason James Davis and Alan Bulifant must not be allowed to testify to any opinions is that their "opinions" are not reliable or reliably based on facts. Rather, their opinions and the facts "they" claim support "their" opinions were all written by defense counsel, and the witnesses were not even familiar to them. In one very notable instance, James Davis eschewed the opinion written for him, saying *he could not testify* to what the County's lawyers wrote for him. *See* **Exh. A** at 131.

By way of background, Federal Rule of Evidence 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

In addition, "expert testimony is not admissible unless it will be helpful to the fact finder." *Suetta Smith v. Cty. of Lenawee*, No. 09-10648, 2011 U.S. Dist. LEXIS 32152, at \*6 (E.D. Mich. Mar. 28, 2011) (**Exh. D**). The proponent of expert testimony bears the burden to establish all the foundational elements of admissibility by a preponderance of proof. *Nelson v. Tenn. Gas Pipeline Co.,* 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 n. 10 (1993)). One fundamental of an expert is that they must be reliable, and the Court must determine that the facts they are relying on were reliable and reliably deployed.

That does not happen when a lawyer writes the disclosure or report. This very circumstance–a lawyer writing the opinions/facts–was held by the trial court to preclude admissibility and was affirmed by the Second Circuit in *Est. of*

10

*Puppolo v. Welch*, No. 5:14-CV-95, 2017 WL 4042342, at *16 (D. Vt. Sept. 12, 2017) (**Exh. D**), *aff'd sub nom., Puppolo v. Welch*, 771 F. App'x 64 (2d Cir. 2019). Many cases align. *E.g., Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, 2006 WL 1319543, at *8 (S.D.N.Y. May 11, 2006) (**Exh. D**) (precluding expert testimony that "would in large measure simply parrot the testimony that [plaintiff] may be expected to give at the trial"); *King–Ind. Forge, Inc. v. Millennium Forge, Inc.*, 2009 WL 3187685, at *2 (S.D. Ind. Sept. 29, 2009) (**Exh. D**) ("When an expert's proffered opinion merely parrots information provided to him by a party, that opinion is generally excluded."); *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 428 (S.D.N.Y. 2009) (excluding an opinion that is not "the product of . . . independent analysis" as inadmissible); *James T. Scatuorchio Racing Stable v. Walmac Stud Mgt., LLC,* No. 5:11–374–DCR, 2014 WL 1744848, at *6 (E.D. Ky. Apr. 30, 2014) (**Exh. D**) (explaining that "counsel's assistance is generally limited to helping the expert draft a report in a way that satisfies the requirements of Rule 26" but does not permit a party to "prepare the report for the witness.") (citing Advisory Committee Notes for Fed. R. Civ. P. 26(a)(2)(B)); *Bekaert Corp. v. City of Dyersburg,* 256 F.R.D. 573, 578 (W.D. Tenn. 2009) (Rule 26 requires an expert to "substantially participate in the preparation of his report."); *Manning v. Crockett,* No. 95 C 3117, 1999 WL 342715, at *6 (N.D. Ill. May 18, 1999) (**Exh. D**) ("Preparation implies involvement other than perusing a report

11

drafted by someone else and signing one's name at the bottom to signify agreement.").

"Assistance in the fine-tuning of an expert report in order to ensure compliance with Rule 26(a)(2)(B) is permissible, while preparing the expert's opinion from whole cloth and then asking the expert to sign it if he or she wishes to adopt it is not." *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 578 (W.D. Tenn. 2009) (cleaned up) (quoting *In re Jackson Nat. Life Ins. Co. Premium Litigation,* No. 96–MD–1122, 2000 WL 33654070, at *3 (W.D. Mich. Feb. 8, 2000) (**Exh. D**)). As the court held in *Occulto v. Adamar of New Jersey, Inc.,* 125 F.R.D. 611 (D.N.J. 1989):

> A party receiving an adversary's expert's signed report has a right to rely upon the document for what it purports to be—the expert's considered analysis of facts and statement of opinions applying the expert's special education, training and experience. Experts participate in a case because, ultimately, the trier of fact will be assisted by their opinions.... They do not participate as the alter-ego of the attorney who will be trying the case.

*Id.* at 615–16. That is why, "[w]here an expert merely offers his client's opinion as his own, that opinion may be excluded." *ASK Chemicals, LP v. Computer Packages, Inc.,* 593 Fed. App'x 506, 510, No. 14–3041, 2014 WL 6911574, at *4 (6th Cir. Dec. 10, 2014) (unpublished) (citations omitted) (**Exh. D**). For instance, in *In re Jackson National Life Insurance Company Premium Litigation,* No. 96–MD–1122, 2000 WL 33654070 (W.D. Mich. Feb. 8, 2000) (**Exh. D**), the court

excluded an expert witness's testimony when the expert did not prepare his own report. Similarly, in *James T. Scatuorchio Racing Stable,* 2014 WL 1744848, the court refused to allow an expert to testify because counsel for the defendant drafted the report, which the expert simply reviewed, printed on his own letterhead, and signed. 2014 WL 1744848 at *4. And in *Numatics, Inc. v. Balluff, Inc.*, 66 F. Supp. 3d 934 (E.D. Mich. 2014), the 'expert' (a Mr. Michael Justice) made only "fairly minor" changes, and "otherwise adopted the attorney's report." 66 F. Supp 3d at 944. The court barred him from testifying as an expert.[1]

### A.   Davis Did Not Write "His" Opinion and Could Not Connect Facts Written For Him to Any Opinion nor Adopt the Opinion Written for Him

When asked if they could testified to the opinion written for them, Mr. Davis admitted he could not testify to the opinions written for him at all:

> Q. This [referencing disclosure of facts relied upon] isn't a list that you wrote out?
> A. No
> Q. Here in B it says that this is a summary of facts and opinions Director Davis is expected to testify about. And then there's a set of factors. A, from the prior page, says Director Davis is expected to present evidence under these rules regarding the fact that Wayne County jail took measures to address the risk of sexual assault in the jails, and thus, the defendants did not act with deliberate indifference as to whether plaintiff was subject to an assault in the jail on August 24th, 2016.  Do you know how B [the

---

[1] "Unfortunately, dispensing justice in this case calls for dispensing with Justice." *Id.* at 946.

list of facts] relates to A [the opinion to be voiced]? So, this list of B, does it go with the point in A? Or do you know, one way or another?

A. I guess I don't have an opinion on that.

Q. Okay.  Do you know what -- do you have a conception in your mind, or a view in your own words, of what it is, what amounts to deliberate indifference versus what is on the other side of that line?

A. I don't think I could express an opinion on a legal concept like that.

**Exh. A**, 9/24/21 Davis Dep. 131.

### B.      Bulifant Did Not Write Disclosures and Did Not Have Information to Do So

Bulifant admitted that he first saw the disclosures to prepare for the deposition on or about September 17, 9 days after they were served, and did not write them. **Exh. B**, 9/27/21 Bulifant Dep. 143-44. It contains entire areas of "facts" "he" supposedly "relied on" in generating "his" opinion, but at his deposition he admitted he had no knowledge of them. For example, while the report written for him speaks about facts relating to the housing/classification decisions, i.e., placing Burks and Solomon together (iii-vi, viii), he admits he was not involved in that aspect of this case. *Id.* at 144. As to another fact, vii, relating to where Burks was housed, he outright denied knowledge of it. *Id.* at 144-145. While the report states at (xii and iv) that he is relying on facts about rounds and cameras, he had previously testified that he would have to speculate about rounds completion during the rape and camera operations, because he didn't "know all of

14

the facts." **Exh. B**, 1/12/21 Bulifant Dep. 29; *see also, id.* at 17-18 (did not have information about camera maintenance).

<div align="center">**Conclusion**</div>

NOW WHEREFORE, for the foregoing reasons, Plaintiff urges this Honorable Court to preclude the defense from calling Alan Bulifant or James Davis as "experts" to opine in the upcoming August 22, 2023 trial in this matter, as Defendants seek to do.

<div style="margin-left:40%">

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
David Fegley (P85275
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
P: (248) 679-8711
F: (248) 773-7280
prescott@sppplaw.com
fegley@sppplaw.com
</div>

Dated: July 10, 2023

<div align="center">15</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using this Court's electronic filing system, which will send notification of such filing to all counsel of record.

Dated:  July 10, 2023                    <u>/s/ Tara L. Lank</u>
                                         Tara Lank