# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN L. BURKS,

    Plaintiff,

v.

    Case No. 2:19-cv-10027

BENNY NAPOLEON, ET AL.,

    HON. GERSHWIN A. DRAIN

    HON. ANTHONY P. PATTI

    Defendants.

### DEFENDANTS' DISCLOSURE PURSUANT TO
### FED. R. CIV. PROC. 26(a)(2)(C)

Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, Defendants provide the following disclosures:



Alan Bulifant
EXHIBIT 1
9/27/21
Rptr: Cheri Poplin

1. **Commander Alan Bulifant.**

    a. Commander Bulifant is expected to present evidence under FRE 702, 703 and 705 regarding the fact that the Wayne County Jail took measures to address the risk of sexual assault in the jails. Thus, the Defendants did NOT act with deliberate indifference as to whether Plaintiff was subject to an assault in the Jail on August 24, 2016.

    b. Below is a summary of facts and opinions on which Commander Bulifant is expected to testify:

        i. The Jail provided notice and information to each inmate regarding the jail's Zero Tolerance policy concerning rape and sexual activity contained in the Inmate Handbook and on visible sign postings in the jails.

        ii. All jail inmates receive a tri-fold handout to educate them regarding the Jail's zero tolerance policy on sexual assaults.

        iii. The Jail provides a classification system to assign different security levels to inmates and performs housing assignments to assist in maintaining the safety and security of the Jail for inmates and staff;

iv. This classification system includes screening for an inmates current charge, prior criminal history, and prior institutional discipline.

v. The classification and housing system at the Jail permit the assignment to protective custody of those inmates requiring this designation; inmates Burks and Solomon were both placed into protective custody.

vi. Placement of Burks into protective custody demonstrated that the Jail took concrete measures to address risks presented by Mr. Burks' high-profile crime;

vii. Mr. Burks was never in general population at the Wayne County Jail;

viii. The classification and housing system at the Jail permit assignment to alternative lifestyle for those requesting or needing housing due to known or suspected feminine appearances or mannerisms or homosexual lifestyles;

ix. A third party – the Internal Affairs Division – investigates all allegations of sexual assault and harassment;

  x. Another third party – the Wayne County Prosecutor's Office – determines if criminal complaints are warranted in instances of sexual assaults and harassment by inmates and officers;

  xi. The Jail has completed prosecutions of jail officers and inmates;

  xii. During the applicable time period, hourly rounds were conducted by jail security floor staff on Plaintiff's ward; during these rounds, security officers observed inmates for signs of threats or fear;

  xiii. The jail processes approximately 20,000 inmates per year; the instances of sexual assault are extremely rare; when reported, they are investigated and prosecuted if warranted;

  xiv. The jail maintains a video monitoring system to assist in maintaining security and safety of inmates and staff;

  xv. Wayne County disciplines, including termination, security officers who exhibit misconduct while on duty;

2. **Director James Davis.**

  a. Director Davis is expected to present evidence under FRE 702, 703 and 705 regarding the fact that the Wayne County Jail took measures to address the risk of sexual assault in the jails. Thus, the Defendants did

        NOT act with deliberate indifference as to whether Plaintiff was subject to an assault in the Jail on August 24, 2016.

b. Below is a summary of facts and opinions on which Director Davis is expected to testify:

    i. The Jail provided notice and information to each inmate regarding the jail's Zero Tolerance policy concerning rape and sexual activity contained in the Inmate Handbook and on visible sign postings in the jails.

    ii. All jail inmates receive a tri-fold handout to educate them regarding the Jail's zero tolerance policy on sexual assaults.

    iii. The Jail provides a classification system to assign different security levels to inmates and performs housing assignments to assist in maintaining the safety and security of the Jail for inmates and staff;

    iv. This classification system includes screening for an inmates current charge, prior criminal history, and prior institutional discipline.

    v. The classification and housing system at the Jail permit the assignment to protective custody of those inmates requiring this

        designation; inmates Burks and Solomon were both placed into protective custody.

vi. Placement of Burks into protective custody demonstrated that the Jail took concrete measures to address risks presented by Mr. Burks' high-profile crime;

vii. The classification and housing system at the Jail permit assignment to alternative lifestyle for those requesting or needing housing due to known or suspected feminine appearances or mannerisms or homosexual lifestyles;

viii. A third party – the Internal Affairs Division – investigates all allegations of sexual assault;

ix. Another third party – the Wayne County Prosecutor's Office – determines if criminal complaints are warranted in instances of sexual assaults and harassment by inmates and officers;

x. The Jail has completed prosecutions of jail officers and inmates;

xi. During the applicable time period, hourly rounds were conducted by jail security floor staff on Plaintiff's ward; during these rounds, the security officers observe inmates for signs of threats or fear;

xii. The jail processes approximately 20,000 inmates per year; the instances of sexual assault are extremely rare; when reported, they are investigated and prosecuted if warranted;

xiii. The jail maintains a video monitoring system to assist in maintaining security and safety of inmates and staff;

xiv. The Jail's PREA coordinator supervises implementation of PREA guidelines and coordinates training of all security staff;

xv. Each of the jails has PREA managers to assist implementing the Jail's training and sexual assault prevention and intervention policies;

xvi. The Jail maintains a Sexual Assault and Misconduct Prevention and Intervention Plan contained in Jail Policy, 14.17;

xvii. The Jails utilized the PREA Resource Center to produce the PREA tri-fold, signs, policy, and training;

xviii. Maintain quarterly reports on state of sexual assault and harassment complaints; these reports are provided to third parties;

xix. The Jail mandates PREA training on detection and prevention at academies; and

xx. The Jail requires its security personnel to attend PREA training on an annual basis.

Respectfully submitted,

By: _____
PAUL T. O'NEILL (P57293)
Assistant Wayne Corporation Counsel
JAMES W. HEATH (P65419)
Wayne County Corporation Counsel
Attorneys for Defendant Wayne County
500 Griswold Street, 30th Floor
Detroit, MI 48226
(313) 967-6402
poneill@waynecounty.com