## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHNATHAN L. BURKS,

     Plaintiff,

                                 Case No. 2:19-cv-10027

v.

                                 Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al*.,   Mag. Judge Anthony P. Patti

     Defendants.

---

| | |
|---|---|
| Sarah S. Prescott (P70510) | Kali M. Henderson (P76479) |
| David Fegley (P85275) | T. Joseph Seward (P35095) |
| SALVATORE PRESCOTT | SEWARD HENDERSON PLLC |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 210 E. 3rd Street, Suite 212 |
| 105 East Main Street | Royal Oak, MI 48067 |
| Northville, MI 48167 | P: (248) 733-3580 |
| P: (248) 679-8711 | F: (248) 733-3633 |
| F: (248) 773-7280 | khenderson@sewardhenderson.com |
| prescott@spplawyers.com | jseward@sewardhenderson.com |
| fegley@sppplaw.com | |
| | Souriana T. Hammoud |
| | Wayne County Corporation Counsel |
| | Guardian Building |
| | 500 Griswold, 30th Floor |
| | Detroit, MI 48226 |
| | P: (313) 224-6669 |
| | F: (313) 967-3532 |
| | shammoud@co.wayne.mi.us |

---

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE SUGGESTING THAT PLAINTIFF'S RAPE WAS IN ANY WAY CONSENSUAL

NOW COMES PLAINTIFF, by and through his attorneys, SALVATORE,

PRESCOTT, PORTER & PORTER PLLC, and for his Motion in Limine To Exclude Evidence Suggesting that Plaintiff's Rape was in any way Consensual, states as follows:

1.   This case concerns a sexual assault in 2016, when the Plaintiff was raped by a fellow inmate during his detention at the Wayne County Jail.

2.   The Court has defaulted the Defendants on liability, meaning that the jury will be empaneled solely to assess Plaintiff's damages.

3.   This Motion in Limine seeks to exclude any and all claims, arguments, and/or questions insinuating that the event was in any way consensual, on the grounds that such evidence is demonstrably false, barred by res judicata, seeks to re-litigate a Wayne County criminal trial, ignores this Court's liability default, and is not relevant and/or is more prejudicial than probative under FRE 401-403.

4.   Although the law is clear that such matters are inadmissible, Defendants have refused a request for concurrence in this matter on July 9, and they have actively indicated intentions to elicit the content discussed herein.

WHEREFORE, Plaintiff is forced to move the Court to prevent the Defendants from commenting on, eliciting, or presenting any evidence or argument relating to the Plaintiff's purported consent to being kidnapped and raped.

Respectfully Submitted,
SALVATORE  PRESCOTT  PORTER
& PORTER, PLLC

Dated: July 10, 2023

/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
Attorney for Plaintiff
105 E. Main Street
Northville, MI 48167
248-679-8711
prescott@sppplaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHNATHAN L. BURKS,

      Plaintiff,

                         Case No. 2:19-cv-10027

v.

                         Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al*.,    Mag. Judge Anthony P. Patti

      Defendants.

| | |
|---|---|
| Sarah S. Prescott (P70510) | Kali M. Henderson (P76479) |
| David Fegley (P85275) | T. Joseph Seward (P35095) |
| SALVATORE PRESCOTT | SEWARD HENDERSON PLLC |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 210 E. 3rd Street, Suite 212 |
| 105 East Main Street | Royal Oak, MI 48067 |
| Northville, MI 48167 | P: (248) 733-3580 |
| P: (248) 679-8711 | F: (248) 733-3633 |
| F: (248) 773-7280 | khenderson@sewardhenderson.com |
| prescott@spplawyers.com | jseward@sewardhenderson.com |
| fegley@spplaw.com | |
| | Souriana T. Hammoud |
| | Wayne County Corporation Counsel |
| | Guardian Building |
| | 500 Griswold, 30th Floor |
| | Detroit, MI 48226 |
| | P: (313) 224-6669 |
| | F: (313) 967-3532 |
| | shammoud@co.wayne.mi.us |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE SUGGESTING THAT PLAINTIFF'S RAPE WAS IN ANY WAY CONSENSUAL

## TABLE OF CONTENTS

Table of Contents…………………………………………………………....……....…i
Index of Authorities………………………………………………………………..…ii
Question Presented…………………………………………………………………iii
Introduction…………………………………………………………………....…..…1
Procedural Context and Efforts to Avoid this Motion……………………………....2
Legal Argument………………………………………..…………………………....4
Conclusion………………………………………………………..….…....…8

# INDEX OF AUTHORITIES

**Cases**                                                                                    **Page No.**

*Blakely v. City of Clarksville*, 244 Fed. App'x 681 (6th Cir. 2007)..........................7

*Curtis v. State*, 236 Ga. 362, 223 S.E.2d 721 (1976)....................................................6

*Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996)...........................................7

*Olin–Mathieson Chem. Corp. v. Allis–Chalmers Mfg. Co.*,
    438 F.2d 833 (6th Cir. 1971).............................................................................7

*People v. Solomon*, No. 349015,
    2021 WL 4929781, at *13 (Mich. Ct. App. Oct. 21, 2021), appeal denied,
    509 Mich. 989 N.W.2d 210 (2022)................................................................1

*U.S. v. Beaty*, 245 F.3d 617 (6th Cir. 2001)............................................................5


**Statutes and Rules**                                                                       **Page No.**

Fed. R. Evid. 401…………………………………………………………….4, 6

Fed. R. Evid. 402…………………………………………………………......4

Fed. R. Evid. 403…………………………………………………..……….4-5, 7

MCL 750.520b(1)......................................................................................6


**Other Authorities**                                                                        **Page No.**

Roy J. Levin & Willy van Berlo, *Sexual Arousal and Orgasm in*
    *Subjects who Experience Forced or Non-Consensual Sexual*
    *Stimulation – A Review*, 11 J. Clin. Forensic Med. 82 (2004).......................6

## QUESTION PRESENTED

1.     Should this Honorable Court enter an order precluding the Defendants from commenting on, eliciting, or presenting any evidence or argument relating to the Plaintiff's purported consent to being kidnapped and raped?

Plaintiff's answer:  Yes.
Defendants' answer:  No.

## Introduction

On August 24, 2016, Martin Solomon raped Jonathan Burks while both were being held in protective custody at the Wayne County Jail. Solomon was a prolific and unusual serial rapist. He specialized in falsifying evidence to avoid charges. Solomon was, by the time he devised this scheme, a hardened criminal, having served many years for the rape of a child and having been credibly charged with raping two bunkmates inside MDOC, including a youth--but also beating another rape charge in a bench trial. The Michigan Court of Appeals discussed one of Solomon's unusual practices in this vein in *People v. Solomon*, No. 349015, 2021 WL 4929781, at *13 (Mich. Ct. App. Oct. 21, 2021), appeal denied, 509 Mich. 989, 974 N.W.2d 210 (2022). **Ex. A**. Specifically, Solomon would tape record himself being affectionate immediately after threatening to murder the victims of his sexual assaults, so that he could use the tape to imply a positive relationship and consent. In this case, Solomon forced Burks to masturbate on pain of death and he placed Burks's semen into his own anus, apparently planning to use the semen if needed to avoid charges of raping Burks. Solomon also performed fellatio on Burks rather than forcing Burks to perform fellatio on him. All of this was presented to a Wayne County jury, where Solomon argued through counsel and testified that the unconsented sex never happened, that Burks masturbated on his own, and that the idea of Solomon creating a story around the semen was

1

untenable. Beyond a reasonable doubt, the jury rejected this and determined that Burks was sexually assaulted

### Procedural Context and Efforts to Avoid this Motion

Solomon was convicted as charged on two counts of CSC-I (fellatio and finger in anal opening), two counts of CSC-II (touching genital area and touching inner thigh or contact with penis) and one count of kidnapping. The jury was instructed as follows about the CSC-I charges:

> All right. Count 1 is for the offense of criminal sexual conduct in the first degree, fellatio. The Defendant is charged with a crime of first degree criminal sexual conduct. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the Defendant engaged in a sexual act that involved entry into the Defendant's mouth by Johnathan Burks' penis. Any entry, no matter how slight is enough. It does not matter whether the sexual act was completed or whether the semen was ejaculated. Second, that the alleged sexual act occurred under circumstances that also involved kidnapping. The elements of kidnapping are first, that the Defendant knowingly restrained another person. "Restrained" means to restrict a person's movements or to confine the person so as to interfere with that person's liberty without that person's consent or without legal authority. The restraint does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts. Second, when the Defendant did so, he intended to engage in criminal sexual penetration or criminal sexual contact with that person.
>
> …
>
> Count 2 is also for criminal sexual conduct in the first degree, finger in anal opening. The Defendant was charged with the crime of first degree criminal sexual conduct. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the Defendant engaged in a sexual act that involved entry into Martin Solomon's anal opening by Johnathan Burks' finger. Any entry of fingers, any entry, no matter how slight is enough. It does

2

not matter whether the sexual act was completed or whether the semen was ejaculated.  Second, that the alleged sexual acts occurred under circumstances that also involved kidnapping.  The elements of kidnapping are first, that the Defendant knowingly restrained another person.  "Restrained" means to restrict a person's movements or to confine the person.  So, as to interfere with that person's liberty **without that person's consent or without legal authority**.  The restraint does not have to restrain for any particular length of time and may be related or incidental to the commission of other criminal acts.  Second, when the Defendant did so, he intended to engage in criminal sexual penetration or criminal sexual contact with that person. [**Ex. B**, Burks Trial Transcript, Day 8, at pp. 147-149.]

Prosecutor Keith Clark did not mince words in his closing arguments:

[Burks] didn't know what to do. You heard him testify. You saw the emotions in his voice. You heard it. You saw it in his face because that day, on the 24th, Mr. Solomon took something away from him, something he had never gotten back. Even you see him on the stand and he reverts. The person that was raped wasn't the person that's here today, was not the person that was here last week to testify. It was a different person. This was the person that was raped that day. [**Ex. B**, Burks Trial Transcript, Day 8, at p. 129.]

The jury convicted Solomon, who later was convicted of another rape of women involving fabricated false evidence of "consent."

In the pleadings of this case, the Plaintiff pled that he was raped and that Solomon was criminally convicted. Docket No. 19 at Para. 54, 56. In its answer to the amended complaint, Docket No. 27 at Paragraph 54, Defendants acknowledge an assault took place and that staff of the Wayne County Sheriff's Department assisted with prosecuting the assailant; and at Paragraph 56, admitted that Solomon was convicted of harm to Plaintiff.

Thereafter, Magistrate Judge Patti issued a determination that liability would be established. This Court re-heard the matter *de novo* and after issuing an extensive opinion, affirmed.

Now, to the direct contrary of all this, Wayne County seeks to argue that Mr. Burks was somehow amenable to the sexual assault that he endured that evening, which would make it not an assault at all. As Defendant explains in the Joint Final Pretrial Order's "Defendants' Claims" section, "**Mr. Burks was a willing participant** in a sexual encounter with Martin Solomon, to the point that Mr. Burks masturbated to an orgasm." That view is fundamentally wrong and it is an assertion that the Court **must** bar Defendant from presenting to the jury.

## Legal Argument

The Federal Rules of Evidence ("FRE") guide courts in determining the admissibility of evidence. Under FRE 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. "Evidence that is not relevant is not admissible." FRE 402. Even if evidence is deemed relevant, it may still be inadmissible under FRE 403, which permits a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

4

undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

A victim of CSC-I, by definition, does not consent to the crime by which they were victimized. Had jurors in the criminal trial believed that there was any reasonable doubt that Burks was willing or was not forced with threat of death, they would have acquitted Solomon. They did not. *See U.S. v. Beaty*, 245 F.3d 617, 624 (6th Cir. 2001) (quoting long-standing Supreme Court precedent for the proposition that "[i]n the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment.").

There is no evidence that Mr. Burks consented to his own rape. He testified that he was threatened with death. Wayne County's own Prosecutor argued to the jury:

> It is enough force if he threatened to use physical force on Johnathan Burks and he believed, the Defendant had the ability to carry out those threats. Mr. Burks sat in that chair and you saw the expressions on his face. You heard how he answered the questions, and you heard him say, "I thought he would kill me." Did he believe that he had the ability to carry out those threats? The evidence says, "yes," if you believe Mr. Burks. So, if you don't believe there was kidnapping, then you can find him guilty of the lesser charge of CSC, third degree on the fellatio. [**Exh. B**, Burks Trial Transcript, Day 8, at p. 88.]

Likewise, the fact that Solomon performed fellatio on Burks rather than forcing Burks to perform fellatio on him is of no consequence. To "engage[] in sexual

penetration with another person," MCL 750.520b(1), does not mean that a person forced to receive oral sex is somehow immune from statutory protection: unwanted sexual penetration has still occurred, as it did here. Whether a person, against their will, is penetrated or forced to penetrate someone else, the involuntariness of the action is independent of who the penetrator is. The same is true relating to successful self-masturbation. *See* Roy J. Levin & Willy van Berlo, *Sexual Arousal and Orgasm in Subjects who Experience Forced or Non-Consensual Sexual Stimulation – A Review*, 11 J. Clin. Forensic Med. 82 (2004) (concluding that "the induction of arousal and orgasm does not indicate that the subjects consented" and that a claim "simply built upon the fact that evidence of genital arousal or orgasm proves consent has no intrinsic validity and should be disregarded."); *Curtis v. State*, 236 Ga. 362, 363-64, 223 S.E.2d 721, 723 (1976) ("The trial court did not err in refusing to allow Curtis' attorney to ask the prosecutrix whether she experienced orgasm during these acts of intercourse; the answer would have been legally irrelevant to the issue of consent.").

Any efforts to recast the circumstances of Burks' rape as a consensual situation must be excluded under FRE 401 because--at the very least, this Court's own orders have established liability, and there is no purpose in establishing consent at this point.

Even if the Court deems such insinuations relevant, the dangers of unfair prejudice, confusion of the issues, and/or misleading the jury under MRE 403 are incredibly high. "Evidence is properly excluded when it poses a 'likelihood of misleading the jury and confusing the issue.'" *Blakely v. City of Clarksville*, 244 Fed. App'x 681, 683–84 (6th Cir. 2007) (quoting *Olin–Mathieson Chem. Corp. v. Allis–Chalmers Mfg. Co.*, 438 F.2d 833, 837–38 (6th Cir. 1971)). Any suggestion that Burks was a consenting partner to his own sexual abuse will steer jurors in this civil case down the road of questioning Defendant's liability – an issue that Defendant has already defaulted on. Moreover, this effort will generate a trial-within-a-trial.

Unfair prejudice is the "undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996). Here, the prospect of unfair prejudice is extremely high and the "evidence" lacks any "legitimate probative force" – a disproven theory of the case advanced by the convicted sexual predator has no place in this trial. All the more so in a case *where defendants have already defaulted on liability*. Defendants should not be permitted to turn back the clock and introduce a far-fetched "actually-Burks-consented-to-it" theory of the case

7

when **both** Solomon was convicted **and** liability has already been established in this case.

To be sure, the parties should be permitted to describe, in detail, the circumstances of the rape and Defendants may well argue that the lack of penetration into Burks' body should be a relevant consideration. Plaintiff does not aim to shield jurors from knowing precisely what happened; indeed, telling the jurors exactly what happened to Burks will be essential to Plaintiff's theory of damages. What Defendants should not be permitted to do, however, is float hints to the jury that maybe, in fact, Burks was a willing participant or even enjoyed what happened. A forced-to-penetrate rape is still a rape and no more consensual than other forms of rape. Defendants should not be permitted to insinuate otherwise.

## Conclusion

WHEREFORE, Plaintiff urges this Honorable Court to enter an order preventing the Defendants from commenting on, eliciting, or presenting any evidence or argument relating to the Plaintiff's purported consent to being kidnapped and raped.

Respectfully Submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

Dated: July 10, 2023

/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
Attorney for Plaintiff
105 E. Main Street
Northville, MI 48167
248-679-8711
prescott@spplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using this Court's electronic filing system, which will send notification of such filing to all counsel of record.

Dated:  July 10, 2023

/s/ Tara L. Lank
Tara Lank
