# EXHIBIT B

```
                        STATE OF MICHIGAN

        IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE


THE PEOPLE OF THE STATE OF MICHIGAN,

            Plaintiff,

vs.                                     Case No. 17-004867-01-FC

MARTIN ANTONIO SOLOMON,

            Defendant.
_____/

              TRIAL HEARING - JURY SELECTION

    BEFORE THE HONORABLE ULYSSES W. BOYKIN, CIRCUIT COURT JUDGE

         Detroit, Michigan - Wednesday, April 3, 2019


APPEARANCES:

Appearing for People:       Mr. Keith G. Clark - P56050
                            Wayne County Prosecutor's Office
                            1441 St. Antoine St., Suite 1018
                            Detroit MI 48226
                            (313) 967-6888

Appearing for Defendant:    Mr. Wyatt G. Harris - P54891
                            P.O. Box 14621
                            Detroit MI 48214-0621
                            (313) 549-7659


Reported by:                Shalaan K. Fisher, CSR-2284
                            (313) 881-3380
```

1

```
 1                  Was that a threat of force of future danger?
 2                  If you believe Mr. Burks', clearly it is okay,
 3          and it's enough for us if he overcame him by physical
 4          for force, but here is the important part.  It is
 5          enough force if he threatened to use physical force on
 6          Johnathan Burks and he believed, the Defendant had the
 7          ability to carry out those threats.  Mr. Burks sat in
 8          that chair and you saw the expressions on his face.
 9          You heard how he answered the questions, and you heard
10          him say, "I thought he would kill me."
11                  Did he believe that he had the ability to carry
12          out those threats?
13                  The evidence says, "yes," if you believe
14          Mr. Burks.  So, if you don't believe there was
15          kidnapping, then you can find him guilty of the lesser
16          charge of CSC, third degree on the fellatio.
17                  The next part is finger and anal opening.  Now,
18          the Judge is going to tell you the first part.  We have
19          to show there was a sexual act that involved entry into
20          his anal opening by Johnathan Burks, meaning he took
21          Johnathan Burks hand and put it up his anal opening.
22          Again, any entry, no matter how slight is enough.  If
23          any part of a finger or two goes up in there, that is
24          enough for what's considered sexual penetration.  It
25          doesn't matter whether or not the sexual act was
```

88

```
 1              "All I wanted to do was call my dad after the
 2       rape."  That's all he wanted to do.  Mr. Harris made
 3       light of it.
 4              Why do you think, he did that?
 5              He didn't know what to do.  You heard him
 6       testify.  You saw the emotions in his voice.  You heard
 7       it.  You saw it in his face because that day, on the
 8       24th, Mr. Solomon took something away from him,
 9       something he had never gotten back.  Even you see him
10       on the stand and he reverts.  The person that was raped
11       wasn't the person that's here today, was not the person
12       that was here last week to testify.  It was a different
13       person.  This was the person that was raped that day.
14       Not the person who stood on the stand, that person
15       right there.  Who Mr. Burks is today, maybe, he
16       wouldn't have made the same choices that Mr. Burks did,
17       but he did, and you heard him on that stand and you saw
18       the effects when he got back in that chair.  He turned
19       right back into that kid, right there.  You saw it on
20       his face.  You heard it in his voice, and then for
21       Mr. Harris to say -- talk about all this stuff, "Well,
22       you know, he is a thief."
23              What did he tell you?
24              "Yes.  You know what?  I did write some bad
25       checks and I took responsibility.  I pled and got put
```

|   |   |
|---|---|
| 1 | the Defendant to the chargable offenses.  An |
| 2 | exculpatory statement means a statement which if true, |
| 3 | would either clear the maker of any guilt or reduce the |
| 4 | maker's level of guilt.  The Prosecution has introduced |
| 5 | evidence that the Defendant has tried to manufacture |
| 6 | exculpatory evidence which the Prosecution claims is |
| 7 | false.  If true, this can be considered by you as |
| 8 | circumstantial evidence of guilt.  Before you may |
| 9 | consider any such evidence against the Defendant, you |
| 10 | must one, determine whether the Defendant created or |
| 11 | manufactured the evidence; two, determine whether or |
| 12 | not the evidence was false exculpatory evidence; three, |
| 13 | determine whether the evidence relates to the elements |
| 14 | of the crime charged.  Proof of the manufacture of |
| 15 | false exculpatory evidence may then be used by you to |
| 16 | determine the guilt or innocence of the Defendant to |
| 17 | the charged offenses.  Exculpatory evidence means |
| 18 | evidence for which if true, would clear the maker of |
| 19 | any guilt or reduce the maker of any level of guilt. |
| 20 |         Every person is entitled to protection of the |
| 21 | law regardless of their status at the time. |
| 22 |         All right.  Count 1 is for the offense of |
| 23 | criminal sexual conduct in the first degree, fellatio. |
| 24 | The Defendant is charged with a crime of first degree |
| 25 | criminal sexual conduct.  To prove this charge, the |

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | Prosecutor must prove each of the following elements                 |
| 2  | beyond a reasonable doubt.                                           |
| 3  | First, that the Defendant engaged in a sexual                        |
| 4  | act that involved entry into the Defendant's mouth by                |
| 5  | Johnathan Burks' penis.  Any entry, no matter how                    |
| 6  | slight is enough.  It does not matter whether the                    |
| 7  | sexual act was completed or whether the semen was                    |
| 8  | ejaculated.                                                          |
| 9  | Second, that the alleged sexual act occurred                         |
| 10 | under circumstances that also involved kidnapping.  The              |
| 11 | elements of kidnapping are first, that the Defendant                 |
| 12 | knowingly restrained another person.  "Restrained"                   |
| 13 | means to restrict a person's movements or to confine                 |
| 14 | the person so as to interfere with that person's                     |
| 15 | liberty without that person's consent or without legal               |
| 16 | authority.  The restraint does not have to exist for                 |
| 17 | any particular length of time and may be related or                  |
| 18 | incidental to the commission of other criminal acts.                 |
| 19 | Second, when the Defendant did so, he intended to                    |
| 20 | engage in criminal sexual penetration or criminal                    |
| 21 | sexual contact with that person.                                     |
| 22 | All right.  In Count 1, there is an alternative                      |
| 23 | charge, what we call a lesser charge and that would be               |
| 24 | criminal sexual conduct in the third degree relating to              |
| 25 | fellatio.  You may also consider whether the Defendant               |

|   |   |
|---|---|
| 1 | is guilty of a lesser crime known as criminal sexual |
| 2 | conduct, third degree.  To prove this charge, the |
| 3 | Prosecutor must prove over each of the following |
| 4 | elements beyond a reasonable doubt. |
| 5 |             First, that the Defendant engaged in a sexual |
| 6 | act that involved entry into the Defendant's mouth by |
| 7 | Johnathan Burks' penis.  In any entry, no matter how |
| 8 | slight is enough.  It does not matter whether the |
| 9 | sexual act was completed or semen ejaculated.  Second, |
| 10 | that the Defendant used force or coercion to commit the |
| 11 | act.  Force or coercion means the Defendant used |
| 12 | physical force or did something to make Johnathan Burks |
| 13 | afraid of present or future danger.  It is enough if |
| 14 | the Defendant overcame Johnathan Burks by physical |
| 15 | force.  It is enough force if the Defendant threatened |
| 16 | to use physical force on Johnathan Burks or Johnathan |
| 17 | Burks believed that he had the ability to carry out |
| 18 | those threats.  It is enough force if the Defendant |
| 19 | used force to use the victim to submit to the sexual |
| 20 | acts or to seize control of the victim in a manner |
| 21 | facilitating the sexual acts without regard to the |
| 22 | victim's wishes. |
| 23 |             Count 2 is also for criminal sexual conduct |
| 24 | in the first degree, finger in anal opening.  The |
| 25 | Defendant was charged with the crime of first degree |