**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHNATHAN L. BURKS,

      Plaintiff,

                                  Case No. 2:19-cv-10027

v.

                                  Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al.*,      Mag. Judge Anthony P. Patti

      Defendants.

| | |
|---|---|
| Sarah S. Prescott (P70510) | Kali M. Henderson (P76479) |
| David Fegley (P85275) | T. Joseph Seward (P35095) |
| SALVATORE PRESCOTT | SEWARD HENDERSON PLLC |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 210 E. 3rd Street, Suite 212 |
| 105 East Main Street | Royal Oak, MI 48067 |
| Northville, MI 48167 | P: (248) 733-3580 |
| P: (248) 679-8711 | F: (248) 733-3633 |
| F: (248) 773-7280 | khenderson@sewardhenderson.com |
| prescott@spplawyers.com | jseward@sewardhenderson.com |
| fegley@spplaw.com | |
| | Souriana T. Hammoud |
| | Wayne County Corporation Counsel |
| | Guardian Building |
| | 500 Griswold, 30th Floor |
| | Detroit, MI 48226 |
| | P: (313) 224-6669 |
| | F: (313) 967-3532 |
| | shammoud@co.wayne.mi.us |

**<u>PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
INCARCERATED PLAINTIFF'S ACCESS TO DAMAGES AWARD</u>**

     NOW COMES PLAINTIFF, by and through his attorneys, SALVATORE,

PRESCOTT, PORTER & PORTER PLLC, and for his *Motion in Limine* To Exclude Evidence of Incarcerated Plaintiff's Access to Damages Award, states as follows:

1.  This case concerns a sexual assault in 2016, when the Plaintiff was raped by a fellow inmate during his detention at the Wayne County Jail.

2.  The Court has defaulted the Defendants on liability, meaning that the jury will be empaneled solely to assess Plaintiff's damages.

3.  This Motion in Limine seeks to exclude any and all references to the fact that, as an incarcerated prisoner in MDOC custody, Plaintiff will not be able to immediately spend any damages award that the jury may award him or enjoy money in the way others might.

4. Such evidence is not relevant and/or is more prejudicial than probative under FRE 401-403, yet Defendants have relied on this point in dialogue around settlement.

5.  Although the law is clear that such matters would be inadmissible at trial, Defendants did not concur in the relief requested, indicating on July 9, 2023 that they were not settled on their position on this motion.

WHEREFORE, Plaintiff is forced to move the Court to prevent the Defendant from commenting on, raising or presenting any evidence relating to

Plaintiff's ability (or lack thereof) to access any monetary damages that the jury

may grant him.


                                            Respectfully Submitted,

Dated: July 10, 2023                        /s/ Sarah S. Prescott (P70510)
                                            Salvatore, Prescott, Porter & Porter
                                            Attorney for Plaintiffs
                                            105 E. Main Street
                                            Northville, MI 48167
                                            248-679-8711
                                            prescott@sppplaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHNATHAN L. BURKS,

     Plaintiff,

                              Case No. 2:19-cv-10027

v.

                              Hon. Gershwin A. Drain

RAPHAEL WASHINGTON, *et al*.,     Mag. Judge Anthony P. Patti

     Defendants.

| | |
|---|---|
| Sarah S. Prescott (P70510) | Kali M. Henderson (P76479) |
| David Fegley (P85275) | T. Joseph Seward (P35095) |
| SALVATORE PRESCOTT | SEWARD HENDERSON PLLC |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 210 E. 3rd Street, Suite 212 |
| 105 East Main Street | Royal Oak, MI 48067 |
| Northville, MI 48167 | P: (248) 733-3580 |
| P: (248) 679-8711 | F: (248) 733-3633 |
| F: (248) 773-7280 | khenderson@sewardhenderson.com |
| prescott@spplawyers.com | jseward@sewardhenderson.com |
| fegley@spplaw.com | |
| | Souriana T. Hammoud |
| | Wayne County Corporation Counsel |
| | Guardian Building |
| | 500 Griswold, 30th Floor |
| | Detroit, MI 48226 |
| | P: (313) 224-6669 |
| | F: (313) 967-3532 |
| | shammoud@co.wayne.mi.us |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INCARCERATED PLAINTIFF'S ACCESS TO DAMAGES AWARD

## TABLE OF CONTENTS

Table of Contents……………………………………………………......……...……i
Index of Authorities……………………………………………………………...…..ii
Question Presented……………………………………………………………………iii
Controlling Authority……………………………………………………………...…..iv
Introduction……………………………………………………………………...…..…1
Legal Argument……………………………….…………………………………...…1

i.

# INDEX OF AUTHORITIES

**Cases**                                                                                     **Page No.**

*Bates v. Dura Automotive Systems, Inc.*, 2011 WL 2618235(M.D. Tenn. 2011)......3
*Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991)................................................3
*Echavarria v. Roach*, 2022 WL 606076 (D. Mass. Mar. 1, 2022)..........................3
*Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000).................................2


**Statutes and Rules**                                                                **Page No.**

Fed. R. Evid. 401……………………………………………………….…..1-2
Fed. R. Evid. 402……………………………………………………….......2
Fed. R. Evid. 403……………………………………………………….……2

ii.

## QUESTION PRESENTED

1.      Whether the Court should exclude references at trial to the Plaintiff's ability to enjoy or spend proceeds of winnings?

Plaintiff's answer:  No.
Defendants' answer: Undecided.

# CONTROLLING AUTHORITY

Federal Rules of Evidence 401-403

**Introduction**

This is a case about a rape that occurred on August 24, 2016. At the time of the rape, Plaintiff Jonathan Burks was taken into custody and held in Wayne County Jail. There, Wayne County placed Mr. Burks in a cell with Martin Solomon, an unmanageable, unmedicated County-diagnosed "psychotic" and prolific sexual predator with dozens of rape charges. Mr. Burks asked for help, especially after Solomon threatened him–but Defendants ignored him. Tragically, and unsurprisingly, Solomon raped Mr. Burks just hours later. This fact is not disputable: it was the verdict of a Wayne County jury when Burks took his life into his hands by cooperating with the prosecutor's office as an informant, and pressed charges. Solomon was convicted and exhausted his appeals.

In this trial, the jury will learn that Mr. Burks remains incarcerated, i.e., related to his emotional distress. This Motion in Limine seeks to exclude as irrelevant and prejudicial any argument or mention of the related fact that, by virtue of his incarceration, Mr. Burks' ability to access or expend winnings in a damages award would be different than that of a non-incarcerated person.

**Legal Argument**

The Federal Rules of Evidence ("FRE") guide courts in determining the admissibility of evidence. Under FRE 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of

1

consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. "Evidence that is not relevant is not admissible." FRE 402. Even if evidence is deemed relevant, it may still be inadmissible under FRE 403, which permits a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

Whether Mr. Burks is able to immediately access the funds to which he is entitled has no bearing whatsoever on the extent of the damages he suffered after being raped while in MDOC custody. The Sixth Circuit reached a similar conclusion in *Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000), when it considered a defendant's argument that the jury should have been instructed with regard to the possibility of Plaintiff reaping attorney fees if she prevailed. The Sixth Circuit sided with the Plaintiff, citing approvingly to a Ninth Circuit case, which explained that:

> The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees. By informing the jury of the plaintiff's right to seek attorneys' fees . . . the court invited the jury to factor in a subsequent step—the court's calculation of the ultimate judgment—that had no relevance to the jury's determination of liability and damages.

2

*Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). So, too, here. Though attorney fee eligibility is not the focus of this motion in limine, the underlying rationale is the same: If a jury learns about a Plaintiff's potential eligibility for (or access to) certain monetary awards, it may improperly impact jurors' deliberations by introducing irrelevant considerations. Here, for instance, a jury may be more wary to award Mr. Burks a generous damages award if it perceives that he will not actually be able to enjoy or benefit from such an award for the foreseeable future.

Courts have consistently held that a plaintiff's financial status is not relevant to the jury's calculation of a damages award. *See, e.g.,* **Exh. A**, *Bates v. Dura Automotive Systems, Inc.*, No. 1:08–cv–0029, 2011 WL 2618235 at *7 (M.D. Tenn. 2011) ("the financial status of the plaintiffs or a comparison of it with the defendant's financial status has no purpose and will be excluded"); **Exh. B**, *Echavarria v. Roach*, No. 16-cv-11118-ADB, 2022 WL 606076, at *2 (D. Mass. Mar. 1, 2022) (Granting motion in limine in a Section 1983 case to bar any reference to the individual defendants' financial inability to pay a judgment for compensatory damages because such evidence would be irrelevant to any claims and may result in unfair prejudice). It stands to reason that a  Plaintiff's ability to access a damages award is likewise irrelevant. Whatever prejudice a jury may direct towards a prisoner-plaintiff  runs the risk of being exacerbated by the unduly prejudicial information about that prisoner-plaintiff's ability to reap the benefits of

3

any damages award.

Mr. Burks' inability to immediately access a damages award in this case is both irrelevant and unduly prejudicial. This court should grant this motion in limine to ensure that Defendants do not raise this issue at trial.

Respectfully Submitted,

Dated: July 10, 2023

/s/ Sarah S. Prescott (P70510)
Salvatore, Prescott, Porter & Porter, PLLC
Attorney for Plaintiffs
105 E. Main Street
Northville, MI 48167
248-679-8711
prescott@spplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using this Court's electronic filing system, which will send notification of such filing to all counsel of record.

Dated:  July 10, 2023

/s/ Tara L. Lank
Tara Lank