UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**JOHNATHAN L. BURKS,**

    Plaintiff,

v.

**COUNTY OF WAYNE,** a municipality, and **BENNY NAPOLEON, KEITH WILLIAMS, JUDY BELL, PAUL SEALS,** and **DAMONE LEE,** all in their official and individual capacities,

    Defendants.

Case No. 2:19-cv-10027
Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| **SALVATORE PRESCOTT & PORTER, PLLC**<br>By:  Sarah S. Prescott (P70510)<br>      Nakisha N. Chaney (P65066)<br>*Attorneys for Plaintiff*<br>105 East Main Street<br>Northville, MI 48167<br>P: (248) 679-8711<br>E: prescott@spplawyers.com<br>   chaney@spplawyers.com | **SEWARD HENDERSON PLLC**<br>By:  T. Joseph Seward (P35095)<br>      Kali M. L. Henderson (P76479)<br>*Attorneys for Defendants*<br>210 E. 3rd Street, Suite 212<br>Royal Oak, MI 48067<br>P: (248) 733-3580<br>F: (248) 733-3633<br>E: jseward@sewardhenderson.com<br>   khenderson@sewardhenderson.com |

---

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE UNSUPPORTED DAMAGES & RELATED EVIDENCE

NOW COME Defendants, **COUNTY OF WAYNE, BENNY NAPOLEON, KEITH WILLIAMS, JUDY BELL, PAUL SEALS,** and **DAMONE LEE,** by and through the undersigned counsel, and for their Motion in Limine to Preclude Unsupported Damages & Related Evidence submit the following:

1. On March 23, 2023, this Court issued an order holding Defendants in default as a discovery sanction. [PageID.2892]

2. This Court ordered that "the Court will enter a default as to liability against all Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi). This matter will proceed to trial on the issue of damages only." [PageID.2892]

3. Thus, the only issue remaining for trial is damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011) (holding that unliquidated damages must still be proven after a default).

4. Plaintiff's Complaint requests compensatory, non-compensatory, and punitive damages, as well as "an order setting conditions to Defendants' future compliance with the U.S. Constitution's requirements regarding the protection of inmates from harm within the Wayne County Jail." [PageID.90] Plaintiff also requested other equitable relief that may be available. [PageID.90]

5. Plaintiff has agreed that his compensatory damages do not include economic damages, per an email from his counsel on July 10, 2023.

6. Plaintiff does not agree that he is not entitled to the specific equitable relief he seeks now that there is no controversy between the party.

7. Case law is clear that one a prisoner transfers facilities, any requests for injunctive relief against a prior facility is moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

8. Plaintiff is no longer lodged in the Wayne County Jail, as evidenced by his habeas petition. [PageID.2902] Therefore, his claim for injunctive relief regarding treatment at the Wayne County Jail is moot.

9. Nor does Plaintiff agree that he is not entitled to punitive damages against Wayne County.

10. Case law is also clear that punitive damages are not available against a municipal entity under Section 1983. *City of Newport v. Fact Concerts*, Inc., 453 U.S. 247, 271 (1981).

11. With that, any evidence that is meant to demonstrate some type of prior conduct or knowledge of the County, and evidence regarding the policies of the Wayne County Jail, should also be excluded because it is not relevant and will unfairly prejudice the other Defendants.

Defendants respectfully request that this Court issue an order prohibiting Plaintiff from requesting damages that are not permitted by law and introducing evidence that is not relevant based on such a finding.

The parties exchanged the bases for their respective motions in limine via email, exchanging multiple related correspondence. In said exchanges, Defendants explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

                                        Respectfully submitted,

                                        **SEWARD HENDERSON PLLC**

                                        /s/ Kali M. L. Henderson (P76479)
                                        *Attorneys for Defendants*
                                        210 East 3rd Street, Suite 212
                                        Royal Oak, Michigan 48067
                                        P: (248) 733-3580
                                        F: (248) 733-3633
Dated: July 10, 2023               E: khenderson@sewardhenderson.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHNATHAN L. BURKS,** | Case No. 2:19-cv-10027 |
| | Hon. Gershwin A. Drain |
| Plaintiff, | Mag. Judge Anthony P. Patti |
| v. | |
| **COUNTY OF WAYNE,** a municipality, and **BENNY NAPOLEON, KEITH WILLIAMS, JUDY BELL, PAUL SEALS,** and **DAMONE LEE,** all in their official and individual capacities, | |
| Defendants. | |

| | |
|---|---|
| **SALVATORE PRESCOTT & PORTER, PLLC** | **SEWARD HENDERSON PLLC** |
| By:   Sarah S. Prescott (P70510) | By:   T. Joseph Seward (P35095) |
|        Nakisha N. Chaney (P65066) |        Kali M. L. Henderson (P76479) |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 105 East Main Street | 210 E. 3rd Street, Suite 212 |
| Northville, MI 48167 | Royal Oak, MI 48067 |
| P: (248) 679-8711 | P: (248) 733-3580 |
| E: prescott@spplawyers.com | F: (248) 733-3633 |
|     chaney@spplawyers.com | E: jseward@sewardhenderson.com |
| |     khenderson@sewardhenderson.com |

# BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION IN LIMINE
## TO PRECLUDE UNSUPPORTED DAMAGES
## & RELATED EVIDENCE

# TABLE OF CONTENTS

Table of Contents ...................................................................................................6

Index of Authorities ................................................................................................7

Questions Presented ................................................................................................8

Most Controlling Authority.....................................................................................8

Introduction .............................................................................................................9

Statement of Facts ...................................................................................................9

Law & Analysis .....................................................................................................10

   I.   Injunctive Relief ..........................................................................................10

   II.  Punitive Damages .......................................................................................11

Conclusion .............................................................................................................12

# INDEX OF AUTHORITIES

**Cases**

*City of Newport v. Fact Concerts*, Inc.,
　453 U.S. 247, 271 (1981) ............................................................................................. 11

*Flynn v. People's Choice Home Loans, Inc.*,
　440 F. App'x 452, 455 (6th Cir. 2011) ........................................................................ 10

*Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ........................................................... 10

*Kentucky v. Graham*,
　473 U.S. 159, 165 (1985) ............................................................................................. 11

**Rules**

Fed. R. Evid. 401 ............................................................................................................... 11

Fed. R. Evid. 402 ............................................................................................................... 11

Fed. R. Evid. 403 ……………………………………………………………...… 11

## QUESTIONS PRESENTED

**I. WHETHER PLAINTIFF IS PROHIBITTED BY LAW FROM REQUESTING INJUNCTIVE RELIEF FROM THE JURY?**

Defendants answer, "Yes."

Plaintiff answers, "No."

**II. WHETHER PLAINTIFF IS PROHIBITTED BY LAW FROM REQUESTING PUNITIVE DAMAGES BE AWARDED AGAINST WAYNE COUNTY?**

Defendants answer, "Yes."

Plaintiff answers, "No."

## MOST CONTROLLING AUTHORITY

*Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)

*City of Newport v. Fact Concerts*, Inc., 453 U.S. 247, 271 (1981)

## INTRODUCTION

Plaintiff intends to ask the jury for certain damages that are not permitted by law. Defendants seek to exclude such requests with this motion. Should the Court agree with Defendants, they also seek to exclude evidence that could only be relevant to such a claim and would otherwise be prejudicial to the individual defendants.

## STATEMENT OF FACTS

On March 23, 2023, this Court issued an order holding Defendants in default as a discovery sanction. [PageID.2892] This Court ordered that "the Court will enter a default as to liability against all Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi). This matter will proceed to trial on the issue of damages only." [PageID.2892]

Plaintiff's Complaint requests compensatory, non-compensatory, and punitive damages, as well as "an order setting conditions to Defendants' future compliance with the U.S. Constitution's requirements regarding the protection of inmates from harm within the Wayne County Jail." [PageID.90] Plaintiff also requested other equitable relief that may be available. [PageID.90]

Plaintiff has agreed that his compensatory damages do not include economic damages, per an email from his counsel on July 10, 2023. But he does not agree that he is not entitled to the specific equitable relief he seeks now that there is no

controversy between the party. Nor does Plaintiff agree that he is not entitled to punitive damages against Wayne County. Plaintiff's proposed exhibits exemplify why he declined to concur in such relief. For example, Plaintiff has identified 19 other incident files that may be introduced as exhibits. These are not incidents involving Plaintiff or the individual deputy Defendants. Based on the extensive evidence listed in Plaintiff's portion of the Joint Final Pretrial Order, it is clear that such a limitation was not considered and a large majority of the witnesses and evidence is not relevant should the Court agree with Defendants.

## LAW & ANALYSIS

The only issue remaining for trial is damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011) (holding that unliquidated damages must still be proven after a default). Below, Defendants address why the damages Plaintiff intends to ask jury for are not allowed by law, and why his intended evidence is not relevant.

### I. INJUNCTIVE RELIEF

Case law is clear that one a prisoner transfers facilities, any requests for injunctive relief against a prior facility is moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). There is no debate on this point. There is also no debate that Plaintiff is no longer lodged in the Wayne County Jail, as evidenced by his habeas petition

that state he is lodged at Bellamy Creek. [PageID.2902] Therefore, his claim for injunctive relief regarding treatment at the Wayne County Jail is moot.

## II.  PUNITIVE DAMAGES

Case law is also clear that punitive damages are not available against a municipal entity under Section 1983. *City of Newport v. Fact Concerts*, Inc., 453 U.S. 247, 271 (1981). Wayne County[1] is a municipal entity. Thus, punitive damages are not permitted by law against Wayne County. Plaintiff cannot be allowed to ask the jury to issue such damages.

With that in mind, the majority of Plaintiff's witness and exhibit listings appear to no longer be relevant. The Federal Rules of Evidence provide for the admission of any relevant evidence unless the Rules, the Constitution, a federal statute, or other Supreme Court rule bars its admission. Fed. R. Evid. 402. Evidence is deemed to be relevant, under Rule 401, if:

> (a)  it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b)  the fact is of consequence in determining the action.

Fed. R. Evid. 401. Additionally, Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

---

[1] This would also include any official capacity claims. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The only facts that remain to be established are Plaintiff's damages. There is no need to call witnesses to establish the liability of the Jail, i.e., to establish that its policies were unconstitutional. Therefore, a brief review of the numerous witnesses and exhibits listed on Plaintiff's portions of the Joint Final Pretrial Order suggests that many can be eliminated. Presentation of some of this evidence is certainly only relevant to the County's liability; like the 19 incident reports that do not involve Plaintiff or the Defendants. To introduce any evidence of prior incidents could unduly prejudice the jury against the Jail, County, and Deputies. Should the Court agree with Defendants, they request that the Court order Plaintiff to re-evaluate his intended presentation of witnesses and exhibits to narrow the list to focus only upon that which is relevant.

## CONCLUSION

Defendants' respectfully request that this Court prohibit Plaintiff from requesting injunctive relief, and punitive damages against Wayne County. Defendants further request that the Court order Plaintiff to narrow his proposed witnesses and damages in light of this ruling.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **SEWARD HENDERSON PLLC** |
|  | /s/ Kali M. L. Henderson (P76479) |
|  | *Attorneys for Defendants* |
|  | 210 East 3rd Street, Suite 212 |
|  | Royal Oak, Michigan 48067 |
|  | P: (248) 733-3580 |
|  | F: (248) 733-3633 |
| Dated: | E: khenderson@sewardhenderson.com |

**PROOF OF SERVICE**

I hereby certify that on **Monday, July 10, 2023**, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification to the following: ***All Parties and Attorneys of Record.***

/s/Kali Henderson
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
T: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com