UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN L. BURKS,

Plaintiff,

v.

RAPHAEL WASHINGTON, *et al.*,

Defendants.

_____/

Case No. 19-cv-10027

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER RESOLVING CROSS MOTIONS *IN LIMINE* (ECF Nos. 167, 168, 169, 170, 171, 172, 173, and 183)

### I.   INTRODUCTION

On January 2, 2019, *pro se* Plaintiff Johnathan L. Burks initiated this civil rights action alleging, pursuant to 42 U.S.C. § 1983, that his Eighth and Fourteenth Amendment rights were violated when he was sexually assaulted by another inmate while in protective custody at the Wayne County Jail.  ECF No. 1.  Per the Amended Complaint, filed after Plaintiff retained counsel, he brings claims against Wayne County, Michigan, Benny N. Napoleon,[1] Keith Williams, Judy Bell, Paul Seals, and

_____

[1] Former Wayne County Sheriff Benny Napoleon passed away in December 2020, he was thus substituted for the current Sheriff, Raphael Washington via text-only order on June 7, 2022.

1

Damon Lee.  ECF No. 19.  On June 7, 2022, Magistrate Judge Anthony P. Patti recommended that the undersigned grant Plaintiff's Renewed Motion for Default Judgement (ECF No. 123) as a discovery sanction against Defendants, thereby limiting the trial to causation and damages only.  ECF No. 154, PageID.2612.  The Court sustained in part and overruled in part Defendants' objections to the Report and Recommendation, accepted and adopted the Report and Recommendation, and granted in part Plaintiff's Renewed Motion for Default Judgment.  ECF No, 161.  Specifically, the Court entered default as to liability against all Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) and determined that the case would proceed to trial on the issue of damages only.  *Id.* at PageID.2892.

Presently before the Court are Defendants' Motion to Strike Plaintiff's Expert (ECF No. 167), Plaintiff's Motion *in Limine* to Exclude Evidence Related to Violence of Non-Parties (ECF No. 168), Plaintiff's Motion *in Limine* Regarding Opinion Evidence of Bulifant and Davis (ECF No. 169), Plaintiff's Motion *in Limine* to Exclude Reference that Plaintiff's Rape Was in Any Way Consensual (ECF No. 170), Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Incarcerated Plaintiff's Access to Damages Award (ECF No. 171), Defendants' Motion *in Limine* to Preclude Unsupported Damages (ECF No. 172), Plaintiff's Motion for Miscellaneous Relief (ECF No. 173), and Plaintiff's *Ex-Parte* Motion for Leave to File Reply Brief that Exceeds Page Limit (ECF No. 183).

2

For the following reasons, the Court will **GRANT IN PART AND DENY IN PART** Defendants' Motion to Strike Plaintiff's Expert (ECF No. 167), **GRANT** Plaintiff's Motion *in Limine* to Exclude Evidence Related to Violence of Non-Parties (ECF No. 168), **DENY AS MOOT** Plaintiff's Ex-Parte Motion for Leave to File Reply Brief that Exceeds Page Limit (ECF No. 183), **GRANT IN PART** Plaintiff's Motion *in Limine* Regarding Opinion Evidence of Bulifant and Davis (ECF No. 169), **GRANT** Plaintiff's Motion *in Limine* to Exclude Reference that Plaintiff's Rape Was in Any Way Consensual (ECF No. 170), **GRANT** Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Incarcerated Plaintiff's Access to Damages Award (ECF No. 171), **GRANT IN PART AND DENY IN PART** Defendants' Motion *in Limine* to Preclude Unsupported Damages (ECF No. 172), and **GRANT IN PART** Plaintiff's Motion for Miscellaneous Relief (ECF No. 173).

## II.    LAW & ANALYSIS

### A. Legal Standard

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). Such motions are "designed to narrow the

evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).

However, the standard for relevancy is "extremely liberal" under the Federal Rules of Evidence.[2] *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009). Rule 401 states that evidence is relevant if "(a) it has *any tendency* to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). Relevant evidence is presumptively admissible while irrelevant evidence is not admissible at all. Fed. R. Evid. 402. "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006) (alteration in original) (quoting *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996)). Nevertheless, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

---

[2] Hereinafter, all reference to a "Rule" or the "Rules" are to the Federal Rules of Evidence unless otherwise stated.

4

A district court has "broad discretion in determining the relevancy and admissibility of evidence, and its rulings on evidentiary matters will be reversed only upon a clear showing that it abused its discretion." *United States v. Branch*, 956 F.2d 1164 (6th Cir. 1992); *see also United States v. Drake*, 280 F. App'x 450, 454 (6th Cir. 2008).

### B. Discussion

#### 1. Defendants' Motion to Strike Plaintiff's Expert (ECF No. 167)

Defendants move to strike Plaintiff's expert, Steven K. Huprich.  ECF No. 167.  In support of their motion, Defendants assert that Plaintiff failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and that Plaintiff's counsel's untimely supplemental disclosure exacerbated the defects in the original expert report instead of mitigating them.  *Id.* at PageID.2913–15.

Rule 26 governs the disclosure of expert witnesses.  *See* Fed. R. Evid. 26.

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Evid. 26(a)(2)(B).  Rule 37, which governs the failure to make a disclosure, provides that "an evasive or incomplete disclosure . . . must be treated as a failure to disclose."  Fed. R. Evid. 37(a)(4).  In turn, a party that "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Evid. 37(c)(1).

Courts within this Circuit consider five factors to determine whether an omitted or late disclosure is "substantially justified" or "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citation omitted).  Nevertheless, "[d]istrict courts have broad discretion in applying these factors and need not apply each one rigidly."  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).  The purpose is to "separat[e] honest, harmless mistakes from

the type of underhanded gamesmanship that warrants the harsh remedy of exclusion." *Id.* (citation and internal quotation marks omitted).

Plaintiff made three expert disclosures in the instant case. However, the report for Steven K. Huprich, a licensed psychologist, did not include all the information required under Rule 26(a)(2)(B). Dr. Huprich's report explains the reason for the referral; discusses Plaintiff's background information, including references to records from Martin Solomon's trial for sexually assaulting Plaintiff, Plaintiff's medical records from September 2016 through May 2019, and Plaintiff's records from the Michigan Department of Corrections ("MDOC"); and provides the results of Dr. Huprich's clinical interview. *See* ECF No. 167-2. The report does not include a list of the facts and data Dr. Huprich considered in forming his opinions, his qualifications, a list of cases in which he has testified as an expert in the last four years, or a compensation statement. *See* Fed. R. Evid. 26(a)(2)(B).

When Defendants sought concurrence for the instant motion, as required by this Court's local rules, E.D. Mich. LR 7.1(a), Plaintiff made a supplemental disclosure. The supplemental disclosure, which was prepared and signed by Plaintiff's counsel, (1) explained that the facts or data Dr. Huprich considered in forming his opinions were previously provided to Defendants but listed the preparatory documents Plaintiff's counsel had provided Dr. Huprich, (2) attached Dr. Huprich's curriculum vitae from August 2020, (3) stated that Dr. Huprich has

not testified as an expert in the last four years, and (4) provided Dr. Huprich's compensation.  ECF No. 167-3.

Plaintiff argues that the error in the initial disclosure was harmless, and thus, Dr. Huprich's testimony need not be excluded.  ECF No. 174, PageID.3349.  The Court agrees.  With respect to the first *Howe* factor, any surprise to Defendants is minimal because the Huprich report contains a complete statement of Dr. Huprich's opinions, and it is clear from the report that the basis of, and reasons for, those opinions are his review of Solomon's trial transcripts, Plaintiff's medical records, and Plaintiff's MDOC records as well as the clinical interview of Plaintiff. Furthermore, Defendants have had this report since August 2021.  Defendants maintain that they still do not know what "information Huprich had available to him and considered."  ECF No. 185, PageID.3652.  However, given that the trial date has been adjourned to October 10, 2023, there is sufficient time to cure.[3]  The Court will order Plaintiff's to provide a statement, prepared and signed by Dr. Huprich, with the information missing from his initial report.  Moreover, the Court will permit Defendants to depose Dr. Huprich if they so choose.   Thus, the second and third *Howe* factors also militate against striking Dr. Huprich's testimony.  The fourth *Howe* factor also militates against striking Dr. Huprich as the trial is limited to the

---

[3] The Court notes that the trial is being adjourned for reasons unrelated to Dr. Huprich and the adequacy of his expert report.

8

issue of damages, and Dr. Huprich is Plaintiff's expert on the psychological harm Plaintiff suffered from the sexual assault.  Finally, the last *Howe* factor militates against striking Dr. Huprich because Plaintiff was not aware of the deficiencies until Defendants objected to Dr. Huprich's testimony.  *See Leffel v. Vill. of Casstown*, No. 3:17-CV-79, 2018 WL 1899227, at *3 (S.D. Ohio Apr. 20, 2018) ("Plaintiff only became aware of those errors after Defendant brought them to his attention in the Motion to Strike.  This is the kind of inadvertent error that the Sixth Circuit has excused under similar circumstances." (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir. 2003)).  Thus, the Court finds that Plaintiff's noncompliance with Rule 26(a)(2)(B) is harmless.  *See id.* ("In light of the continuance of the trial schedule, which provides ample time for the parties to work out remaining issues concerning [the experts]' report, Plaintiff's deficient disclosures are harmless.").

Accordingly, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Plaintiff is **ORDERED** to produce a supplemental report, prepared and signed by Dr. Huprich, that includes the information required under Fed. R. Evid. 26(a)(2)(B)(ii) – (vi) within **fourteen (14) days** of the date of this opinion and order.  If Defendants so choose, they will have **twenty-one (21) days** from the date they receive the supplemental report to depose Dr. Huprich.

### 2. Plaintiff's Motion *in Limine* to Exclude Evidence Related to Violence of Non-Parties (ECF No. 168)

Plaintiff seeks to exclude evidence that, during the home invasion for which he was arrested, his codefendants shot and killed a family, including a child. ECF No. 168, PageID.3004.

This trial is limited to Plaintiff's damages stemming from the sexual assault he suffered while incarcerated in Wayne County Jail; Defendants liability has already been established through default. ECF No. 161, PageID.2892. Nevertheless, Defendants argue that the circumstances of the home invasion are relevant because Plaintiff's psychological expert, Dr. Huprich, discusses how Plaintiff's conviction and his incarceration have impacted his mental health. ECF No. 177, PageID.3396–97. The Court disagrees. As Defendants argue, the expert report extensively discusses Plaintiff's belief that his sentence is unfair. ECF No. 167-2, PageID.2930–31, PageID.2933. It does not, however, indicate that Plaintiff's emotional distress is due to his participation in the home invasion, or the deaths that occurred as a result of the home invasion. *See* ECF No. 167-2. The circumstances of the home invasion would therefore not be a potential alternative source for Plaintiff's emotional distress.

Nor does Plaintiff's "inability to accept [his] conviction" have any bearing on his "perception of reality and the credibility of his statements" in general, let alone

with respect to the sexual assault and damages Plaintiff may have suffered as a result. Indeed, Dr. Huprich finds that Plaintiff's "reality testing appears intact." ECF No. 167-2, PageID.2934. Instead, Plaintiff's feelings about his sentence are subjective and unrelated to his ability to perceive reality or his character for truthfulness. The circumstances of the home invasion are thus not relevant under Rule 401.

Even if the circumstances of the home invasion were relevant, they would be unfairly prejudicial and thus barred under Rule 403. Plaintiff was acquitted of murder and assault with intent to murder. Nevertheless, evidence regarding the circumstances of the home invasion may lead a jury to improperly discount Plaintiff's damages for his sexual assault based on their upset over the child's death. *See United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (noting that unfair prejudice "refers to evidence which tends to suggest a decision on an improper basis" (quoting *United States v. Bonds*, 12 F3d 540, 567 (6th Cir 1993)).

Accordingly, Plaintiff's motion is **GRANTED**. The parties may inform the jury that Plaintiff was under arrest and in protective custody when he was sexually assaulted, the crimes he of which Plaintiff was convicted, that he remains in MDOC custody, and that he believes his sentence is unconstitutional and has appealed the sentence on that basis, and the results of that appeal. However, the parties will not present evidence regarding the deaths of the victims of the home invasion or that

11

Plaintiff feels that his sentence is consistent with a conviction for being an accessory to murder.

### 3. Plaintiff's *Ex-Parte* Motion for Leave to File Reply Brief that Exceeds Page Limit (ECF No. 183)

Plaintiff moves, *ex-parte*, for leave to file a reply brief to Defendants' Response to Plaintiff's Motion *in Limine* to Exclude Evidence Related to Violence of Non-Parties in excess of the seven-page limit established by this Court's local rules. ECF No. 183, PageID.3637 (citing E.D. Mich. LR 7.1(d)(3)(B). Because the Court is granting Plaintiff's motion *in limine* based on review of the motion and Defendants' response, the Court will deny the instant motion. Accordingly, this motion is **DENIED AS MOOT**.

### 4. Plaintiff's Motion *in Limine* Regarding Opinion Evidence of Bulifant and Davis (ECF No. 169)

Plaintiff moves to exclude opinion evidence by Commander Alan Bulifant and Chief James Davis. ECF No. 169. In support of his motion, Plaintiff argues that the issue of deliberate indifference has already been established by the entry of default as to liability, but Defendants intend to call Commander Bulifant and Chief Davis to testify that Wayne County took measures to address the risk of sexual assault in jails and was thus not deliberately indifferent. *Id.* at PageID.3058–59. Even if the testimony was not irrelevant, Plaintiff contends, witnesses are not permitted to testify regarding legal conclusions, such as whether a defendant acted

with deliberate indifference.  *Id.* at PageID.3059.  Finally, Plaintiff asserts that Defendants improperly designated Commander Bulifant and Chief Davis as hybrid witnesses under Rule 26(a)(2)(C), and thus failed to file the required expert reports for them.  *Id.* at PageID.3059–60.

Defendants counter that Commander Bulifant and Chief Davis were properly designated as witnesses under Rule 26(a)(2)(C) because they are employees of a party and do not regularly provide expert testimony.  ECF No. 179, PageID.3443. Further, they argue that Plaintiff has identified two liability experts he intends to call at trial, and Defendants should be permitted to put on rebuttal witnesses.  *Id.* at PageID.3447.  In reply, Plaintiff asserts that his two experts will testify regarding jail administration, which is necessary for the punitive damages inquiry.  ECF No. 181, PageID.3611.

The Court agrees that if Plaintiff is opening the door to the issue of jail administration in support of his punitive damages claim, Defendants should be permitted to offer rebuttal evidence on that issue.  However, as the Sixth Circuit has established,

> Although an expert's opinion may "embrace[ ] an ultimate issue to be decided by the trier of fact[,]" Fed. R. Evid. 704(a), the issue embraced must be a factual one.  The expert can testify, if a proper foundation is laid, that the discipline in the [law enforcement agency] was lax.  He also could testify regarding what he believed to be the consequences of lax discipline.  He may not testify, however, that the lax discipline

policies of the [law enforcement agency] indicated that the [municipality] was *deliberately indifferent* to the welfare of its citizens.

*Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) (emphasis in original). Moreover, "[a] finding that an expert witness falls within the scope of Rule 26(a)(2)(C) is a result of 'the unique role that an expert who is actually involved in the events giving rise to the litigation plays in the development of the factual underpinnings of a case.'" *Call v. City of Riverside*, No. 3:13-CV-133, 2014 WL 2048194, at *5 (S.D. Ohio May 19, 2014) (quoting *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011).

Here, Chief Davis has testified that was the Director of the Prison Rape Elimination Act ("PREA") unit in 2016.  ECF No. 169-2, PageID.3084. Nevertheless, he was not working the night of the sexual assault, he did not supervise or train the officers who were working that night, he did not regularly spend time in the jails, and he was not involved in the subsequent internal investigation other than being informed that such an investigation was happening and learning the results. ECF No. 169-2, PageID.3081–83.  Likewise, Commander Bulifant testified that he was the Captain of the Internal Affairs unit in 2016.  ECF No. 169-4, PageID.3134. However, he was not "intimately involved with the investigation" into Solomon's assault of Plaintiff, and he left the Internal Affairs unit before the investigation completed.  *Id.* at PageID.3135.  Nor did Commander Bulifant know whether the

14

jails were receiving PREA training in 2016 as he was not in charge of them then.  *Id.* PageID.3151.

Accordingly, Chief Davis was only "involved in the events giving rise to the litigation" in the sense that he has knowledge about Wayne County Jail's policies and procedures around preventing sexual assault in 2016.  Similarly, Commander Bulifant was only "involved in the events giving rise to the litigation" in the sense that he was familiar with the policies and procedures of the Internal Investigations unit in 2016.  Thus, neither can be characterized as a "percipient witness who happens to be an expert" with respect to the specifics about Solomon's assault of Plaintiff or the subsequent Internal Affairs investigation.  *Call*, 2014 WL 2048194, at *5 (S.D. Ohio May 19, 2014) (quoting *Downey*, 633 F.3d at 6).  Any testimony on those topics would "analogous[] to a physician performing an after-the-fact diagnosis rather than providing in-the-moment or on-the-scene treatment."  *Id.* at *6 (quoting *Ulbrick v. UPR Prods.*, No. 08–cv–13764, 2011 WL 500034, at *4 (E.D. Mich. Feb. 8, 2011)) (internal quotation marks omitted).

Accordingly, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Chief Davis and Commander Bulifant may testify as Rule 26(a)(2)(C) witnesses about Wayne County Jail's PREA policies and procedures and the Internal Investigation unit's policies and procedures, respectively.  They cannot testify about the specifics about Solomon's assault of Plaintiff or the subsequent

15

internal investigation because they were not involved in either, and they certainly cannot testify that Defendants were not deliberately indifferent.

### 5. Plaintiff's Motion *in Limine* to Exclude Reference that Plaintiff's Rape Was in Any Way Consensual (ECF No. 170)

Plaintiff moves to exclude "any and all claims, arguments, and/or questions insinuating that the event was in any way consensual." ECF No. 10, PageID.3246. Defendants argue that evidence that Plaintiff was not actually harmed by the incident with Solomon is relevant to his damages and bears on his credibility. ECF No. 178, PageID.3421.

Plaintiff's Amended Complaint alleges that Solomon "entered Plaintiff's cell, threatened his life, put a blanket over the bars, and raped Plaintiff" and that Solomon "was later convicted criminally for attacking Plaintiff in this way." ECF No. 19, PageID.79–80. In their Answer to the Amended Complaint, "Defendants acknowledge[d] that an assault took place and that staff of the Wayne County Sheriff's Department assisted with prosecuting the assailant, Solomon[,] by testifying in the matter if subpoenaed to do so" and "[a]dmit[ted] that Solomon was convicted of harm to Plaintiff." ECF No. 27, PageID.120–21. The Sixth Circuit has held that "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir.

16

2000) (quoting *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)).  Defendants admitted that Solomon was convicted for harming Plaintiff via assault, which necessarily means Plaintiff did not consent to the encounter.

Additionally, Defendants have been defaulted as to liability.  ECF No. 161, PageID.2892.  As a result, the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022) (citation and emphasis omitted).  Plaintiff alleges that he was raped, which, again, necessarily means the encounter was not consensual.  This fact has been established via the party's pleadings and the default and cannot now be challenged.[4]

Because the fact of the sexual assault has been established, evidence bearing on consent is irrelevant under Rule 401.  To the extent the evidence of consent is relevant to Plaintiff's credibility, the Court finds that the probative value is substantially outweighed by the risk of confusing the jury and undue delay and thus

---

[4] The Court also notes that Martin Solomon was convicted in the Wayne County Circuit court of two counts CSC-I, two counts of CSC-II, and one count of kidnapping. *People v. Solomon*, No. 349015, 2021 WL 4929781, at *1 (Mich. Ct. App. Oct. 21, 2021), *appeal denied,* 509 Mich. 989, 974 N.W.2d 210 (2022).  To convict Solomon of CSC-I, the jury had to find that the sexual act occurred under circumstances that also involved kidnapping, which in turn required finding that Solomon had restricted Plaintiff's movements or confined Plaintiff so as to interfere with his liberty without his consent.  ECF No. 170-3, PageID.3283–84.  Solomon's conviction thus also required a finding by the jury that the encounter was not consensual.

inadmissible under Rule 403. As is clear from the parties' briefs, admitting the evidence will turn into a mini trial on whether Plaintiff consented to the encounter. This could serve as an improper collateral attack on Solomon's conviction, particularly as Defendant Wayne County is the same municipal entity that obtained the conviction, and would undermine the Court's grant of default as to liability.

Accordingly, Plaintiff's motion is **GRANTED**. The parties may present evidence regarding the circumstances of the rape, including the lack of significant penetration and its effect on the amount of damages to be awarded. Defendants may also present evidence of inconsistencies in Plaintiff's account of the incident to attack his credibility as a witness under the applicable rules of evidence. However, Defendants may not argue or suggest that the encounter was consensual.

### 6. Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Incarcerated Plaintiff's Access to Damages Award (ECF No. 171)

Plaintiff moves to "exclude any and all references to the fact that, as an incarcerated prisoner in MDOC custody, Plaintiff will not be able to immediately spend any damages award that the jury may award him or enjoy money in the way others might." ECF No. 171, PageID.3287. Defendants agree to the request as long as Plaintiff is also prohibited from referencing his inability to access his damages as a way of gaining sympathy. ECF No. 176, PageID.3382.

This motion is **GRANTED**.  Neither party may reference, or present evidence regarding, Plaintiff's ability to access damages.

### 7. Defendants' Motion *in Limine* to Preclude Unsupported Damages (ECF No. 172)

Defendants move to prohibit Plaintiff from seeking, and exclude evidence regarding, (1) equitable and injunctive relief because Plaintiff's custody has been transferred from the Wayne County Jail to a different facility so his claims for such relief are moot and (2) punitive damages against Defendant Wayne County.  ECF No. 172, PageID.3315–16.  In response, Plaintiff clarifies that he only seeks compensatory damages from Wayne County and the individual defendants in their official capacities, but he seeks compensatory and punitive damages from the individual defendants in their personal capacities.  ECF No. 175, PageID.3377.

Plaintiff does not address Defendants arguments that equitable and injunctive relief are foreclosed to him after his custody has changed.  He has thus effectively forfeited these claims.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [that] claim." Even if he had not, Defendants are correct that Plaintiff's transfer from the Wayne County jail renders his claims for injunctive and equitable relief moot.  *See Campbell v. Gause*, No. 19-1650, 2020 WL 8024874, at *4 (6th Cir. Apr. 24, 2020) ("[E]ven

19

though [the plaintiff's former warden] was sued in his individual and official capacities, [the plaintiff]'s claims for declaratory and injunctive relief are moot because [the plaintiff's former warden] is not the warden of the facility where [the plaintiff] is currently incarcerated." (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

Defendants argue that Plaintiff cannot introduce evidence relating to punitive damages against the individual defendants because, as a result of the default, Plaintiff is "bound by his well-pled facts to support liability, and his damages must flow therefrom." ECF No. 186, PageID.3656. However, as another Court in this Circuit has noted,

> "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Operating Eng'rs' Local 324 Fringe Benefit Funds v. Testa Corp.*, No. 13-cv-13033, 2013 WL 6181724, at *3 (E.D. Mich. Nov. 26, 2013) (citing Vesligaj v. Peterson, 331 Fed.Appx. 351, 355-56 (6th Cir. 2009)). The court may conduct hearings to determine the amount of damages or "to establish the truth of any averment." *Id*. (citing *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see* Fed. R. Civ. P. 55(b)

*Hooker v. Hooker*, No. 11-CV-2252-JTF-TMP, 2014 WL 12748914, at *1 (W.D. Tenn. Jan. 13, 2014), *report and recommendation adopted,* No. 211CV02252JTFTMP, 2014 WL 12748905 (W.D. Tenn. Mar. 5, 2014). The magistrate judge in *Hooker* went on to find that the complaint and the plaintiff's

20

affidavit were insufficient to establish his compensatory and punitive damages and recommended that the court hold a hearing or "order the plaintiff to submit additional proof of damages, including all evidence to support his claims . . . and supporting documentation." *Id.* (citing *Bogard v. Nat'l Credit Consultants*, No. 1:12-cv-02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013); *United States v. Ruetz*, 334 Fed. App'x. 294, 295 (11th Cir. 2009); *Olive v. Lyttle*, 48 Fed. App'x. 591, 593 (7th Cir. 2002); *U.S. Commodity Futures Trading Comm'n v. Complete Devs.*, LLC, No. 4:10-CV-2287, 2013 WL 1910436, at *2 (N.D. Ohio May 8, 2013)).

Likewise, here the Court will require Plaintiff to prove at trial that he is entitled to punitive damages.  As such, evidence bearing on whether Defendants conduct was "reckless or callously indifferent" to Plaintiff's right to be free from sexual assault while incarcerated is relevant.  *See* O'Malley, Grenig & Lee, 3B Federal Jury Practice & Instructions § 166:62 (6th ed. 2023).  This includes evidence of harm to nonparties as long as the evidence is not used to punish Defendants for harm suffered by nonparties. *See Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007) ("Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible[.]").  The Court will issue proper limiting instructions to the jury to ensure that evidence bearing on punitive damages is not unfairly prejudicial to Defendant Wayne County or the individual defendants.

21

Accordingly, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff will be barred from seeking, or introducing evidence regarding, equitable or injunctive relief. Plaintiff will be permitted to present evidence regarding punitive damages against the individual defendants to the jury. The parties will jointly prepare appropriate limiting instructions to ensure (1) the jury does not consider evidence bearing on punitive damages when assessing damages against Defendant Wayne County and (2) the jury does not attempt to award punitive damages to punish the individual defendants for harm to nonparties.

### 8. Plaintiff's Motion for Miscellaneous Relief (ECF No. 173)

Plaintiff requests that (1) he be permitted to appear in court without being shackled, (2) he be permitted time to change clothes and to wear street clothes when the jury is in the building, (3) he be permitted to meet privately with his counsel during breaks and while at lunch and to eat lunch and drink water on breaks, (4) he be permitted to enter and await removal from the courtroom by guards outside the jury's presence, and (5) security not be stationed in a manner so as to imply that he is dangerous. ECF No. 173, PageID.3328. Defendants take no position on the relief requested.

As a preliminary matter, this Court's trial schedule generally runs from 8:30 a.m. until 1:30 p.m., so the Court does not take lunch breaks. The Court also notes

22

that matters of security will need to be coordinated with whichever guards are assigned to watch Mr. Burks during the trial.

Nevertheless, the motion is **GRANTED IN PART**.  Plaintiff may remain unshackled and in street clothes in the jury's presence, and Plaintiff's guard will escort him to and from the courtroom outside the jury's presence.  The positioning of Plaintiff's guard in the courtroom and Plaintiff's ability to meet in a private room with his counsel during breaks will be determined based on collaboration with the relevant law enforcement agents at a later date.

## III.   CONCLUSION

Accordingly, for the reasons articulated above and subject to the qualifications above, **IT IS HEREBY ORDERED** that:

- Defendants' Motion to Strike Plaintiff's Expert (ECF No. 167) is **GRANTED IN PART AND DENIED IN PART**,

- Plaintiff's Motion *in Limine* to Exclude Evidence Related to Violence of Non-Parties (ECF No. 168) is **GRANTED**,

- Plaintiff's *Ex-Parte* Motion for Leave to File Reply Brief that Exceeds Page Limit (ECF No. 183) is **DENIED AS MOOT**,

- Plaintiff's Motion *in Limine* Regarding Opinion Evidence of Bulifant and Davis (ECF No. 169) is **GRANTED IN PART**,

- Plaintiff's Motion *in Limine* to Exclude Reference that Plaintiff's Rape Was in Any Way Consensual (ECF No. 170) is **GRANTED**,

- Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Incarcerated Plaintiff's Access to Damages Award (ECF No. 171) is **GRANTED**,

- Defendants' Motion *in Limine* to Preclude Unsupported Damages (ECF No. 172) is **GRANTED IN PART AND DENIED IN PART**, and

- Plaintiff's Motion for Miscellaneous Relief (ECF No. 173) is **GRANTED IN PART**.


**IT IS SO ORDERED**.


/s/ Gershwin Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  August 15, 2023

24

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2023, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager